NOEL *v.* NOEL.

Parol testimony, to establish a resulting trust, should be received with great caution, and should be clear and explicit, and such as goes distinctly to prove the facts necessary to create such trust.

The burden of proof in such cases, is peculiarly upon the party claiming to establish the trust.

*Appeal from the Dubuque District Court.*

THE defendant, John F. Noel, is the owner in fee of the lot of ground which is the subject of this suit. Nicholas Noel, the complainant and father of defendant, claims that his son holds one-half of it in trust for him, and this suit is brought to compel a conveyance of that half. The bill sets out, that the petitioner was the owner of a small farm and some personal property, which he conveyed and delivered to defendant, which he was to invest in the house and lot in controversy, together with other means to be furnished by defendant, and that the title was to be taken in their joint names; that the investment was made and the title taken in the name of the defendant, and that he refuses to recognize the petitioner's claim therein. Defendant answers, denying any such contract or agreement—that whatever agreement was entered into, was verbal and not in writing, and is void by the statute of frauds—admits that he got the land and some personal property from his father, but of a small value compared with that charged in the petition; that his father and mother were old and unable to work, and wished to leave their farm—and accordingly, they let him have the property, and were to make their homes with him—which they accordingly did for some eighteen months, when they became dissatisfied and went to their son-in-law.

The answer is denied by the replication. The proof is, in substance, this:—

Cooke, who sold the lot in controversy to John, states that he received his pay in the farm, which was valued at

$500—a lot owned by respondent at $200—cash $250, paid by John, and the balance in painting done by him, amounting in all to $1,100—and that John told him, the old people were getting old and not able to live on their farm, and that they had agreed to let him have their portion of the farm and stock; that he was to use the same in part payment of the lot; and that they were to come and occupy it with him as their home, which they did—and his understanding was, from the fact that plaintiff was to furnish a portion of the purchase money, that he, plaintiff, and the defendant, were to be joint, or partnership, owners of the property.

Joseph Noel swears to John's getting the farm and a portion of personal property; that he took the same to pay for the property mentioned in the bill, and was to keep the old people as long as they lived, and then John was to have the house; that they were to get the deed together; all of which he learned from his father and mother—not being present at the time of the arrangement, nor knowing anything about it from John. He also swears, that his father and mother moved into the house with John, and lived with him some time, and left because of some disagreement between his mother and John's wife.

Frank Noel, another son of plaintiff, swears to some disagreement between the families. As he learned it from his parents, he knows nothing of any contract.

John A. Roats, a son-in-law of plaintiff, says that John and his wife told him, that they had made an agreement; that the old man had made over all of his property to him; that he asked him what the old man had done this for, and John told him that the old man was not able to work on his farm, and he was to keep him as long as he lived; that he then asked him: "Is that all he is to get?" and John replied, "No; that after we get the house all straight and paid for, the old man is to have a share of the house."

All of which testimony was taken by complainant. Upon this proof, a decree was entered, requiring the defendants to convey to complainant one undivided half of the lot, and for costs, and from this defendant appeals.

*Smith, McKinlay & Poor*, for the appellant.

*L. A. Thomas*, for the appellee.

WRIGHT, C. J.—We do not think this decree can be sustained upon this testimony. · The legal title is concededly in the defendant. To divest it, upon the ground that he holds it, or any part of it, as trustee for the complainant, the testimony should be clear and satisfactory. It is a rule, too well understood to need repetition, that parol testimony to establish such trust should be received· with great caution, and should be clear, and such as goes distinctly to prove the facts necessary to create such resulting interest. The testimony must not be loose and equivocal. It is contrary to every correct principle, that the legal title should be divested upon parol testimony, which is not clear, satisfactory, and distinct. Hill on Trustees, 94 *et seq.* ; *Oliver* v. *Doherty*, June term, 1854.

In this case, there is, to our minds, an entire want of this clear and satisfactory proof. One witness states, that he *understood* the parties were to be joint owners of the property, and that, " because complainant was to furnish part of the purchase money." As to this, it is sufficient to say, that the understanding of the witness is entirely immaterial, and is something upon which a court should never act in such cases. The witness is to state the facts or circumstances, and the court is to judge of their effect. And therefore, in this case, if the facts proved do not show clearly a resulting trust, none will be allowed, whatever might be the understanding of the witness. Then this witness simply shows that complainant was to furnish a portion of the purchase money, and he and his wife were to occupy the property with the defendant, as a home. In addition to this, the witness Roats states, that defendant told him, " that when they got the house all straight and paid for, the old man was to have a share of the house." What share, is not shown. And whether he spoke with reference to a portion of the house in which to reside, or the title, is left entirely indefinite.

Upon this kind of testimony, there could properly be no decree divesting the title, because of its indefinite character as to the amount of the interest, even if it had reference to the title. *Sayre* v. *Townsend*, 15 Wend. 647; *Baker* v. *Vining*, 30 Maine, 121. How could any court say, what share was meant by this expression?

Joseph Noel is the only other witness who speaks of this matter, and he knows nothing except what he learned from his parents—knows nothing from anything defendant said, or from hearing any contract; nor is there any pretence that defendant was present at the time of such conversations. It is unnecessary to say more, than that such testimony amounts to nothing, and can be of no weight against defendant.

We think it as fairly inferable, from the whole testimony, that the claim which the defendant sets up, as to the contract under which he received the property, is correct, as that alleged by the complainant. The burden of proof, in such cases, is peculiarly upon the party claiming to establish the trust; and in this case, he has certainly not complied with the rule. If the son has violated his agreement, in failing to furnish complainant and his mother a house, they have their remedy; but under the proof here made, it cannot be given by decreeing them a portion of the lot. There may be bad faith on the part of the son, but it is not shown, so as to satisfy us that we would be justified in giving the relief here asked.

Decree reversed.