## THE STATE OF IOWA;

DES MOINES, DECEMBER TERM, A. D. 1857.

In the Thirteenth Year of the State.

PRESENT:

HON. GEORGE G. WRIGHT, CHIEF JUSTICE.
" WM. G. WOODWARD, } JUSTICES.
" L. D. STOCKTON, }

## BRYANT v. HENDRICKS.

Parol testimony is always admissible to prove those facts which cause a transaction to assume the character of an implied, or a resulting trust. Where different persons have claims on, and are interested in, a certain tract of land, and one undertakes to enter the same, the others agreeing to repay to him a suitable *pro rata* sum to cover expenses, and it may be, his trouble, a trust is created, and the undertaking will be enforced.

A verbal agreement between two or more persons, having claims on the public lands, that one shall enter the tract on which the claims are located, and the other shall pay his proportion towards the entry of the land, is not within the statute of frauds.

*Appeal from the Appanoose District Court.*

MONDAY, DECEMBER 7.

This was a petition in equity, to enforce the conveyance of six acres and a fraction of an acre of land, lying on the

west side of the N. E. qr. of S. E. qr. of Sec. 4, T. 69, N. R. 17 W., and in Appanoose county. The bill states, that one Lucian Bryant, son of the petitioner, held a "claim," right to two eighty acre tracts, in sections three and four, of which the above named forty acre tract was a part; that the petitioner held a "claim" on a tract embracing the N. W. qr. of the same S. E. qr. of sec. 4; that the claim of petitioner extended on to the said N. E. qr. of the S. E. qr. on which the claim of Lucian, in part, existed; and that Lucian recognized petitioner's claim and right. The petition then proceeds to state, that the said Lucian, being about to sell his claim to the respondent, pointed out plaintiff's fence and line, and informed defendant that the claim of the former extended on to this forty acres; and that when the said Lucian sold to the defendant, he reserved out of said claim, the piece of land first named. It is also averred, that said Lucian informed defendant, that the plaintiff would furnish the money to enter that portion; that the parcel claimed by plaintiff, had not been surveyed, so that the line and the quantity were not precisely known; that the defendant said he should enter the land by means of land warrants, but that when he had entered it, and the quantity and description were ascertained, he would convey the said parcel to the petitioner. The bill alleges, that it was agreed that the parties should attend at some convenient time, cause a survey to be made, and ascertain the land and its quantity; that defendant had neglected to so attend, though requested; that the plaintiff had caused a survey to be made, which gave the description and quantity stated in the petition; and that defendant had obtained the title by patent from the government, but had refused to convey, although the money for the entry of that portion of the land, had been tendered him, as well as a deed for him to execute. The cause was heard upon bill, answer and depositions, and the District Court rendered a decree in favor of the complainant. The respondent appeals.

*Knapp, Caldwell & Wright*, for the appellant.

*Palmer & Trimble*, for the appellee.

WOODWARD, J.—From the answer and the testimony, but from the latter principally, it is quite manifest that, when Hendricks was negotiating for the purchase of the claim of Lucian Bryant, the latter informed him that his father's claim extended upon the north-east "forty," and that he, Lucian, was under obligation to regard it, and that he did reserve it from the sale; and acting for his father, or, to carry out their understanding, agreed that his father would furnish money to purchase that parcel. It is well known, that so small a parcel cannot be entered at the land office, and that such an object is to be attained, only through private arrangement. The plaintiff might have entered the "forty," or his son might do so, and convey to his father. We have a right, judging from the proof and the circumstances, to presume that the son would have conveyed to his father.

The defendant intimated that he did not wish the money in order to enter it, as he should purchase with land warrants. Lucian told him the money was ready, and he could have it at any time. And it appears that it was afterward offered to him more than once, and was finally, formally tendered. The testimony shows that the defendant, several times, after his purchase, spoke of the plaintiff's right, and expressed his intention to convey to him, when a survey could be made. It appears that complainant had a fence around this field, which defendant spoke of, as the petitioner's; and that the soil was broken up, as for culture; and we understand the evidence to mean, (although it is not entirely free from ambiguity), that the complainant had a house, and perhaps other buildings, on this parcel.

The defendant denies the main drift of the bill. He admits that he purchased the claim, and that he expressed a willingness to sell to the petitioner, but not at one dollar

and a quarter per acre.   He denies that he agreed to con-
vey to complainant, and pleads the statute of frauds,
alleging that no such contract is proved by writing.   If
this is to be regarded as a contract to sell, then it is within
the statute of frauds, and the decree of the District Court,
should have been for the respondent.   But there is anoth-
er, and we think a truer light, in which to view it.   The
cases have been quite numerous in this territory and
state, in which the courts have upheld contracts, consisting
in the undertaking of one person to enter lands for others,
or for himself and others.   These instances have often oc-
curred.   It has been true of many of our town-sites; and
it has not been regarded as an essential, that the money
should have been actually advanced, before the purchase.
One has undertaken to enter a tract for himself and others
entitled thereto, they agreeing to repay to him, a suitable
*pro rata* sum, to cover his expenses, and, it may also be,
his trouble.   These undertakings have been enforced.
The case of *Briggs* v. *Shortridge* (not reported), was of the
like kind.   In this, the money had not been advanced by
Shortridge, but Briggs undertook to purchase, and then
divide according to their claims, Shortridge paying his
proportion.   The case of *Sullivan* v. *McLenan*, 2 Iowa,
537, is based upon the same idea.   See also, *McCoy* v.
*Hughes*, 1 G. Greene, 370.   A trust lies at the basis.
Neither can purchase his portion from the government,
but either can purchase the whole, and one undertakes to
purchase for the common benefit, and to divide.

This is the view we take of the present case.   It is a
case of trust.   Parol testimony is always admissible, to
prove those facts which cause the transaction to assume
the character of an implied or a resulting trust.   It is all
the same, as if the defendant purchased with the money
of the plaintiff.   He might have had it before the pur-
chase, but he preferred entering by land warrants.   It
was offered and finally tendered, and is now paid into
court.   The petitioner might have entered the "forty,"
but relying on his son first, and afterward on the promise of

defendant, he suffered him to enter it.   Here is a confidence, a trust, and one- which can be enforced; and we are of opinion that the decree of the district court should be affirmed.

It is objected that there is not sufficient identification of the parcel of land.   The answer makes no question upon the identity of the piece, but stands upon a denial of the contract or obligation, admitting that he had expressed a willingness to sell this tract, in effect, to complainant, upon some fair terms. It may be said that by both the answer and the testimony, the identity of the parcel, as an unsurveyed tract, made is out, and that the only question which can be made is upon the precise description, and as to this the defendant suggests no doubt in his answer.   One of the witnesses says she saw it surveyed, and shows that the parcel so surveyed, is the same with that spoken of in other terms by the parties and the witnesses. It is true that the plaintiff has been remiss in his proof on this point, as he should have had the testimony of the surveyor, or some other, one directly to this point, but yet, by saying that the land described, is not that about which the defendant negotiated with Lucian Bryant, would, we think, be doing violence to the case.   See further, *Mosier* v. *Ellis*, 3 G. Greene, 247, *Brooks* v. *Ellis*, 3 G. Greene, 527; *Ogilvie et al.* v. *Foster*, (not reported).

The decree of the district court is affirmed.