Nelson v. Worrall.

2. PRAC-TICE: objection to evidence.

---

## NELSON et al. v. WORRALL et al.

1. **Statute of frauds: TRUST.** An agreement between parties that both should furnish the money to enter a parcel of land, each furnishing enough to pay for a moiety thereof, and that one should enter the land

Nelson v. Worrall.

in his own name, and convey to the other the portion which it was agreed he should receive, is not, especially where the parties enter into possession, within the statute of frauds.

2. **Trust:** EVIDENCE TO ESTABLISH. The evidence to establish a resulting trust should be clear and explicit.

3. ——— DELAY. Where a trust is set up years after its alleged creation, and long after the parties thereto have deceased, the proof should be received with greater caution; and relief should be granted only upon the most satisfactory evidence.

*Appeal from Des Moines District Court.*

THURSDAY, JUNE 14.

THIS is a proceeding in equity, commenced by plaintiffs, as the heirs of William Wade (the father), against the defendants, as the heirs of Enoch Wade (the son), claiming the undivided half of certain real estate of great value, situated near to and in the city of Burlington.

The claim is, that the property was entered by the son in his own name, the father furnishing one moiety of the purchase-money, the title to one-half to be held by the son in trust for the father. The trust and agreement set up are expressly denied, and it is further insisted that any claim of the father to any portion of said real estate, was arranged and settled during the lifetime of the parties' respective ancestors. The plaintiffs maintain that the parties entered into possession in 1834, under an agreement that each was entitled to a moiety, and that the land was purchased of the government in 1838, in pursuance of said agreement and understanding.

William died in 1841, and Enoch in 1843. This action was commenced in 1860. The bill on final hearing was dismissed, and plaintiffs appeal.

*P. Henry Smyth* for the appellants.

*J. Tracy* for the appellees.

Nelson v. Worrall.

WRIGHT, J. — If the contract alleged is established by the evidence, it is not, in our opinion, within the statute
**1. STATUTE OF FRAUDS: trust.** of frauds. That is to say, if the father furnished his proper share of the purchase-money and the land was entered by the son in his own name, under a verbal agreement to convey to the father, the agreement may be enforced in equity.

And especially so if the father entered into possession in accordance with this agreement, and held the land thereunder until the time of his death.

Such agreements have been frequently enforced in this State. *McCoy* v. *Hughes*, 1 G. Greene, 370; *Brooks* v. *Ellis*, 3 Id., 527; *Bryant* v. *Hendricks*, 5 Iowa, 256; *McIntire* v. *Skinner*, 4 G. Greene, 89; *Ellis* v. *Mosier*, 2 Id., 247; and see, also, *Baldwin* v. *Thompson*, 15 Iowa, 504; *Carrolls* v. *Cox & Shelley*, Id., 455, and cases there cited.

The proof in such cases, however, we have often held
**2. TRUST: evidence.** should be clear and explicit, and such as goes directly to prove the facts necessary to create the trust. *Noel* v. *Same*, 1 Iowa, 423; *Rudolph* v. *Covell*, *Admr.*, 5 Id., 525; *Fairbrother* v. *Shaw*, 4 Id., 570; *Williamson* v. *Same*, Id., 279; *Cooper* v. *Skeel*, 14 Id., 578; *McGregor* v. *Gardner*, Id., 326.

And when such trust is set up years after its alleged creation and long after the parties thereto have deceased,
**3. —— delay.** the proof should be received with the greater caution, and the relief asked should be granted only upon the most satisfactory evidence. And especially so when there is no circumstance explaining the delay or justifying the party in sleeping upon his rights. Guided by these considerations we feel no hesitation in holding that this bill was properly dismissed. True, some of the witnesses speak of conversations between father and son, tending strongly to establish the trust. But these conversations took place about twenty years before they were detailed by the witnesses. While there is some

proof that the father was in possession under the contract, there is other testimony that he was there by the permission of the son; he thus assisting his father, who was poor, in making a living. Then again there is testimony fairly tending to show, that before the parties' death, they settled any claim that the father had, and that the son made a deed to his youngest brother, as directed by the father on his death-bed. Then again there is no proof that after the father's death, any of his heirs (the present plaintiffs or those under whom they claim), continued in possession, or made any claim to the property until the commencement of this suit, in 1860. And yet they knew at his death, as well as nineteen years afterwards, of his right, if any he had, to this land. Under such circumstances, it seems to us that the tenure to real estate would be exceedingly insecure and uncertain if plaintiffs' claim should be held valid. When the title of the ancestor was known at his death, the heirs, some of them of age; when the person holding the title has deceased, his estate settled and the real estate distributed, or partitioned, as in this case; when the claimants did not continue in possession, but the same was held continuously and uninterruptedly by the party or parties holding the legal title, and when the only evidence of the trust is found in the testimony of witnesses detailing verbal conversations between the deceased parties twenty years before, and almost as long after the death of each, we know of no rule, nor yet any case, which by analogy, or by direct adjudication, would justify the enforcement of the trust. See, upon this point, *Johnson* v. *Hopkins*, 19 Iowa, 49, and cases there cited; also, *Wright* v. *Leclaire*, 3 Id., 221. The difference of the facts in this last case and the one at bar is so apparent as not to need comment. Many of the principles there recognized, however, are applicable here. And see the cases hereinbefore cited.               Affirmed.