## DALBY *et al.* v. CRONKHITE.

1. Judgment lien; PAROL RELEASE. In order to establish a parol release of real estate from a judgment lien, the proof must be clear, satisfactory, and conclusive.

*Appeal from Jones District Court.*

THURSDAY, JUNE 6.

SUIT in equity to establish and enforce a parol release of real estate from a judgment lien. Judgment for defendant, and plaintiffs appeal.

*C. R. Scott* for the appellants.

*Davis McCain* for the appellee.

COLE, J.—The defendant obtained a judgment in the District Court of Jones county against one Thomas Smith, who, at the time of the rendition thereof, was the owner of the real estate in controversy, it being three acres out of an eighty acre subdivision owned by the judgment debtor.

After the rendition of the judgment, the said Thomas Smith sold the piece in controversy to one Gearhart, who thereafter sold and conveyed the same to plaintiffs.

The execution plaintiff, Cronkhite, who is defendant herein, caused execution to be issued, which was levied on the whole tract, including that in controversy. The plaintiffs brought this suit to enjoin the sale of the piece claimed by them.

The cause was heard on its merits. The plaintiff A. J. Dalby testified that, pending the negotiations for purchase from Gearhart, he learned that Cronkhite had a judgment lien on the land he was negotiating for, and that he refused to purchase on account of that lien ; that he then went to Cronkhite, who told him if he would purchase the land he should have it free from the judgment lien ; that he, Cronkhite, would not disturb him as the claim would be without interfering with that piece. Thereupon plaintiffs purchased. The plaintiff then introduced one Southwick, who testified, that, previous to plaintiffs' purchase, he purchased twelve acres of the same tract ; that before he bought the same he saw Cronkhite, who told him that he, Cronkhite, had a judgment lien, but if witness would purchase he would not enforce it, as he could make his claim off of Smith ; and thereupon witness bought. This was all the plaintiffs' evidence.

The defendant then introduced himself as a witness, (the cause being by agreement tried to the court, by the second method) and testified that he had no recollection whatever of the conversations testified to by plaintiff or Southwick, nor did he know for certain that he had any lien upon the land until just before the execution was issued, and never had any intention to release the same. This was all of defendant's evidence.

The District Court dismissed the plaintiffs' petition. And there was no error in so doing.

The testimony of Southwick has no relation to the subject-matter of this suit, and, whether it is entitled to

any consideration whatever in this case, may well be a subject of controversy. The case, then, rests mainly, if not entirely, upon the testimony of plaintiff A. J. Dalby. The conversation stated by him is, in effect, denied by the defendant; he states, in two or three different ways, his entire want of remembrance, and non-recollection of the alleged conversation.

Under the circumstances shown in this case, the defendant's testimony amounts to a contradiction of the plaintiff's evidence. The plaintiffs have therefore failed to bring themselves within the rule so often recognized and applied by this court, to wit: that where a party seeks by parol proof to overturn or override a legal right or title, he must do it by proof which is clear, satisfactory and conclusive. Hill on Trustees, 94; *Boyd* v. *McLean*, 1 John. Ch., 582; *Noel* v. *Noel*, 1 Iowa, 423; *Corbit* v. *Smith*, 7 Id., 60; *Cooper* v. *Skeel et al.*, 14 Id., 578; *Parker* v. *Pierce*, 16 Id., 227; *Gardener et ux.* v. *Weston*, 18 Id., 533, and other cases.

