JONES *v.* VAN DOREN and others.

*(Circuit Court, D. Minnesota.* November 30, 1883.)

EVIDENCE—ORAL TRUSTS—STATUTE OF FRAUDS—PAROL-EVIDENCE RULE.
    The statute of frauds and the rules of evidence will not allow a deed absolute on its face to be changed into one of trust, in the absence of fraud, accident, or mistake.

Demurrer to Bill of Complaint.

The relief prayed for is an accounting, and permission to redeem from a foreclosure of a mortgage on certain real estate.

The bill alleges that the complainant is the widow of Robert H. Jones, who died in April, 1863, intestate, leaving surviving him the complainant, and Samuel J. Jones, his son, and only heir at law; and that at the time of his death the said Robert H. Jones was seized in fee of an undivided one-quarter part of certain real estate in Ramsey county, Minnesota; that upon the death of the said Robert H. Jones, the complainant, as his widow, became entitled to the dower right and interest in the said real estate of which he so died seized, viz., a life estate in one-third part thereof; and that the said defendant Samuel J. Jones became vested with the title in fee thereof, subject to the plaintiff's said dower right. The bill then alleges that while the complainant was so seized of said estate she was informed that the lands were about to be involved in litigation, and having little or no knowledge of business, and being averse to having her name complicated in any lawsuits, and depending upon the ability and integrity of her son, said Samuel J. Jones, to conduct any business and defend any lawsuits that might arise out of the ownership of said dower interest, and merely for the purpose of facilitating the management of such business, and not with any design or intention of divesting herself of any interest in the said land, on January 30, 1866, at her son's request, conveyed by a quitclaim deed her dower in said interest; and further alleges that her son, Samuel J. Jones, took and accepted said deed under the express understanding and agreement to and with her that he was to receive the same to enable him better to conduct any business concerning the lands, but not in any way to acquire any estate in the dower interest. Then the bill alleges that in August, 1871, R. B. Galusha, administrator of the estate of one Andrew J. Jones, commenced a suit in the Ramsey county common pleas court against the said Samuel J. Jones and others, for the benefit of the creditors of the said Andrew J. Jones, who was the grantor of said Robert H. Jones of said lands, for the purpose of setting aside the deed from the said Andrew J. to the said Robert H., which suit was successfully defended and defeated, and the purpose of the said deed of the plaintiff to the said Samuel J. Jones thereby accomplished; but that her said interest was never reconveyed to her, nor

did she request the same to be conveyed. The bill then alleges that in October, 1871, William R. Marshall and others, part owners of said lands, commenced an action in the district court of Ramsey county for the partition of the same, and that a final decree of partition was made therein, whereby there was set off in severalty to the said Samuel J. Jones, as and for his partition thereof, certain tracts, which are described in the bill. It is then alleged that on the twenty-fifth day of July, A. D. 1871, the said defendant Samuel J. Jones executed his promissory note for $10,000, payable in six months from date, with interest at 10 per cent. per annum, payable semi-annually to the order of William H. Van Doren, husband of the defendant, Matilda A. Van Doren.

The consideration for the note and mortgage is alleged to have been the liquidation of an indebtedness of $3,600, due from said Samuel J. Jones to the said Matilda A. Van Doren, and secured by mortgage on lands in Illinois and Iowa, also the payment of a certain mortgage in favor of one Samuel A. Briggs on said lands in Minnesota, (amount not stated,) and certain money loaned at the time by said Matilda A. to said Samuel J. Jones.

It is charged that the said Matilda A. and her husband knew of the alleged facts and circumstances under which the plaintiff conveyed her said dower interest to the said Samuel J. Jones, and that they and the said Samuel J. Jones conspired together to defraud the plaintiff out of her said interest, and vest the title to said lands in the said Matilda Van Doren, freed from plaintiff's right of dower therein, and that said $10,000 note and mortgage was a scheme whereby to accomplish that end. As a part of said conspiracy the bill charges that on the twenty-sixth day of August, 1876, (over four years after the note fell due,) the said Matilda A. Van Doren commenced an action in the district court of Ramsey county for the foreclosure of said mortgage, and that such proceedings were had therein that on the fourteenth day of October, 1876, by and under decree of said court in said suit, all the lands which had so been set off and allotted to said Samuel J. Jones, in severalty, by said partition suit, were sold under said foreclosure, and were all purchased and bought in by said Matilda A. Van Doren, except one tract of about 10 acres, which was purchased by R. B. Galusha, and that on the twenty-second day of May, 1880, a final decree was entered in said foreclosure suit, and the title to said lands vested in the said purchasers. And further alleges that complainant, on December 15, 1876, paid taxes of 1872 and 1873 on one-fourth of all said lands, believing she owned her one-third dower right therein. The bill states that in said foreclosure suit the amount found due upon said note and mortgage, including costs of suit, was $8,745.14, and that the said lands purchased by the said Matilda A. at said foreclosure sale were sold to and purchased by her for that sum and no more. It is also alleged that in 1881 the said Matilda A. sold 40 acres of said land

to William R. Marshall, a *bona fide* purchaser, for $10,000, and that she still holds the title to the balance so purchased by her at said foreclosure sale. The plaintiff also alleges that she was not a party to said foreclosure suit, and did not know of the same, nor of said mortgage, until long after the termination of said suit.

*J. M. Gilman* and *W. C. Grant*, for demurrer.

*Bigelow, Flandrau & Squires*, contra.

NELSON, J. It is necessary to the success of the complainant, upon the admitted facts, that the defendant should be divested of the legal title obtained by the purchase at the foreclosure sale. The defendant stands in no better position than the son of the complainant, and to sustain the bill the court must declare the deed to the son, absolute and unconditional on its face, a mere power granted by the mother, or that he held the land in trust for her. The complainant's solicitor insists the conveyance was a power to do some act in relation to real estate, and appears to disclaim that a valid trust was created, either express or resulting. The legal title confessedly passed by the quitclaim deed. There is no express trust declared in the deed; and the purpose for which it is claimed the deed was given is not one which could be the subject of an express trust by a conveyance from the mother to the son. There could be no resulting trust, for the payment of taxes, as alleged in the bill and admitted by the demurrer, is not satisfactory evidence to prove it; besides, the deed from complainant to her son refutes it. The statute of frauds and the rule of evidence will not permit a deed absolute on its face to be changed into one of trust by parol, unless there be fraud, accident, or mistake. There is nothing of the kind charged in the bill; indeed, the allegations are that the deed was executed voluntarily, and without accident or mistake or fraud on the part of her son in procuring it, and that it was given merely for the purpose of enabling her son to defend the title to the premises against a threatened suit attacking the same. Is it a mere power to act for her in the alleged threatened litigation? It may be conceded that when a trust is properly created, which is not authorized by the statute, it can be sometimes sustained as a power, but it must be a power recognized as valid by the law relative to powers, and the deed must contain a suitable clause granting the power.

There is nothing in the deed from the mother to her son expressing any design or intention to grant anything different from what was conveyed, and this bill cannot be sustained, in my opinion, without overturning a rule of law and evidence established for the security of all property. Consult *Noel* v. *Noel*, 1 Iowa, 423; *Ratliff* v. *Ellis*, 2 Iowa, 59; 21 Pa. St. 263; 10 Allen, 15; Rev. St. Minn. "Uses and Trusts," cc. 63, 64, defining powers.

It is not necessary to consider the other questions presented. Demurrer sustained, and decree ordered dismissing bill.