ENSMINGER v. ENSMINGER *et al.*

Real Estate: EVIDENCE TO ASSAIL LEGAL TITLE. Evidence to establish that a deed absolute on its face was intended to be a mortgage or that the real estate described therein belongs in fact to some other person than the grantee, must be clear, satisfactory and conclusive (see cases cited in opinion), and the evidence on which defendant's title in this case is assailed is not of that character.

*Appeal from Warren District Court.*—HON. J. H. HENDERSON, Judge.

FILED, SEPTEMBER 7, 1888.

ACTION in equity to determine the ownership of real estate. There was a judgment for defendants, and plaintiff appeals.

*H. McNeil*, for appellant.

*Read & Read*, for appellees.

SEEVERS, C. J. —The proper title of record to the real estate in controversy is in the heirs of H. C. Ensminger, deceased. The plaintiff claims that the property in fact belongs to him, and he has introduced evidence tending to establish such fact as he claims. The settled rule is that evidence to establish that a deed absolute on its face was intended to be a mortgage, or that the real estate described therein belongs in fact to some other person than the grantee, must be clear, satisfactory and conclusive, and not made up of loose and random statements. *Corbit v. Smith*, 7 Iowa, 60 ; *Kibby v. Harsh*, 61 Iowa, 196 ; *Knight v. McCord*, 63 Iowa, 429 ; *Monroe v. Graves*, 23 Iowa, 597 ; *Nelson v. Worrall*, 20 Iowa, 469. Having this rule in view, we have each separately read the evidence, and separately reached the conclusion that the plaintiff has failed to establish the proposition upon which his right to recover depends. We do not deem it necessary to set out the evidence, or comment upon it, deeming it sufficient to say that the evidence is conflicting, and much of it introduced by the plaintiff consists of conversations and declarations made by the deceased of a random and unsatisfactory character. Appellant has filed a motion to strike an amended abstract, because it was not filed within the time required by the rules of this court. Under the showing made by the appellant this motion must be overruled, and the judgment of the district court

AFFIRMED.