MARY JOHNSON, et al., Appellees, v. WILLIAM K. FOUST, Appellant.

**Trusts:** RESULTING TRUST: ENFORCEMENT. Where a husband invested
1   his wife's money in land, taking the legal title in his own name, no presumption of advancement arises, but rather a resulting trust in favor of the wife to the extent of her funds so invested. And where the husband did not deny the existence of the trust but impliedly admitted it, he could not rely upon the statute of limitations, laches or adverse possession to prevent its enforcement.

*Appeal from Benton District Court.*—HON. CLARENCE NICHOLS, Judge.

WEDNESDAY, JANUARY 15, 1913.

SUIT in equity to establish a resulting trust in certain lands, the legal title to which is in defendant William K. Foust. The trial court rendered a decree for plaintiffs, and defendant appeals—*Modified* and *Affirmed*.

*C. W. E. Snyder*, for appellant.

*Struble & Sliger*, for appellees.

DEEMER, J.—Plaintiffs are the children of William K. and Anna R. Foust and the sole and only heirs of Anna R. Foust, who died April 23, 1903. They brought this suit to establish a resulting trust in favor of their mother in a certain fractional quarter of land in Butler county, the legal title to which is in their father, the defendant. The defendant denied the alleged trust, pleaded the statute of limitations, laches, and adverse possession, and, upon the testimony adduced, the trial court made the following findings of fact and conclusions of law:

Prior to the year 1878 Anna R. Foust received from the estates of her father and mother the sum of about $1,600; about the time last referred to she placed the said $1,600 in the hands of her husband, who is the defendant, William K. Foust, and said William K. Foust, purchased, in connection with his brother-in-law, B. F. Davis, a quarter section of land, the whole quarter section costing $3,600. The legal title to this land was taken in the defendant, William K. Foust, and he continued to hold it until some time prior to 1886, when the land was sold at an advance of about $800 on the quarter section, and out of the proceeds of one-half of the sale of the quarter section the defendant, William K. Foust, received $2,200. The evidence is not clear as to just where the difference between the $1,600 furnished by Anna R. Foust and the $1,800 originally paid on this first purchase came from, but in that respect the court gives the defendant, William K. Foust, the benefit of any doubts,

and finds that the difference between said $1,600 and the $1,800 was paid by William K. Foust out of his own funds. The result is that the court finds one-half of the interest in the original purchase was paid, $1,600 by Anna R. Foust, and $200 by William K. Foust. The court further finds that about March 1, 1886, the defendant, William K. Foust, purchased the southwest fractional quarter of section 7, in township 83 north, of range 12 west, of the fifth P. M., being the land in controversy in this suit; that the purchase price of the land last described was the sum of $3,700; and at the time of the purchase the defendant, William K. Foust, paid thereon the sum of $2,200, being the sum he had received out of the proceeds of sale of the land first purchased. The balance of the purchase price in the sum of $1,500 was evidenced by a note secured by mortgage on the land last described. The original mortgage given to secure the $1,500 of original price has been introduced in evidence as Exhibit 2, and it appears therefrom, and the court finds, that William K. Foust gave his three notes, of $500 each, for the said unpaid balance. The court finds that $16/18$ of the $2,200 in cash paid on the purchase price of $3,700 of the land that was last purchased were the funds of Anna R. Foust, and the remainder of the $2,200 cash paid was the funds of the defendant, William K. Foust, and that the $15/37$ of said purchase price represented by notes and mortgages was paid by the defendant, William K. Foust. The court further finds that Anna R. Foust died intestate on or about the 23d day of April, 1903, survived by her husband, William K. Foust, who is the defendant, and the plaintiffs, Mary Johnson, Linda Mester, Grace Wilder, Jesse Foust, and William Foust, who were her children and only heirs at law. There is nothing in the evidence from which the court is able to find any intention on the part of Anna R. Foust to give to William K. Foust the $1,600 which she originally placed in his hands for investment, or any sums arising out of said original fund or funds. That the said William K. Foust held the original funds in trust, and that the real estate afterwards purchased by him, title to which was taken in his own name, was held by him in trust in proportions found hereinbefore. The court further finds that at no time during the lifetime of Anna R. Foust, nor until the commencement of this suit, did the defendant, William K. Foust, repudiate the trust or deny the ownership of Anna R. Foust

in the real estate; that any taxes paid or moneys expended on the place were the proceeds of the place, all of which were received by the defendant William K. Foust, and used for the payment of taxes and improvement of the place and the support of the family, and that the defendant has failed to establish his plea of the statute of limitations by the evidence. The court has not considered any matters testified to by the defendant, William K. Foust, in so far as they relate to personal transactions or communications with Anna R. Foust. On the facts found, the court holds that at and prior to the death of Anna R. Foust the said Anna R. Foust was the equitable owner of the $16/18$ of $22/37$ of the land in controversy, and that the defendant, William K. Foust, was the owner in fee of the remainder of said lands, and that upon the death of the said Anna R. Foust the defendant, William K. Foust, became the owner of one-third of the interests which Anna R. Foust had previously owned in said lands; and the plaintiffs in this suit, being children and sole heirs at law of Anna R. Foust, became owners of the remaining two-thirds of the interests which Anna R. Foust owned in said lands at and prior to her death, and that plaintiffs are entitled to decree accordingly.

From these findings and conclusions of law, the plaintiffs have not appealed; but defendant does challenge both the facts and the law as announced by the trial court.

I. As plaintiffs have not appealed, they are in no position to challenge the decree in any particular; and as to defendant's appeal we are satisfied that save in one respect the findings of fact are well supported by the testimony. We shall not quote from the record the evidence justifying the conclusions of the trial court. It is enough to say that plaintiffs made out their case by clear, satisfactory, and convincing testimony. Indeed, the defendant virtually admitted facts which *prima facie* made a case of resulting trust, and this was supplemented by a strong showing of admissions made by him at different times, even down to the commencement of this suit. Plaintiffs fully met the burden imposed upon them in such cases. *Andrew v. Andrew,* 114 Iowa, 524;

*McAnnulty v. Seick,* 59 Iowa, 590; *Nelson v. Worrall,* 20 Iowa, 469.

There is one question of fact found by the court, however, which we think is not sustained by the testimony, and that is the proportion or share of the purchase price paid by the mother on the first piece of property purchased by the defendant. The trial court found that it was sixteen-eighteenths, whereas we are convinced from our examination of the record that the purchase price of the land was $4,000, of which defendant furnished one-half, or $2,000, and that of this $2,000 Anna R. Foust furnished $1,600, or sixteen-twentieths, instead of sixteen-eighteenths. The trial court was evidently misled as to the testimony here, and its opinion should be modified in this respect to correspond with the testimony adduced.

II. The legal propositions implied from the findings of the trial court are sound.

The defendant husband took his wife's money which came from her father's estate, and in conjunction with her brother invested $1,600 thereof in some land, taking the legal title thereto in the name of himself and her brother. There is no presumption of advancement in such a case as contended for appellant. *Copper v. Iowa Trust & Sav. Bank,* 149 Iowa, 336; *McClenahan v. Stevenson,* 118 Iowa, 106; *Culp v. Price,* 107 Iowa, 133; *Andrew v. Andrew,* 114 Iowa, 524; *Smith v. Smith,* 132 Iowa, 700.

Under such a state of facts, a resulting trust arises by implication. See cases just cited and *Eckert v. Eckert,* 152 Iowa, 745; *Malley v. Malley,* 121 Iowa, 237. Of course, if a gift were intended, no resulting trust would arise; but defendant does not claim that the money was a gift. On the contrary, he many times asserted that the money belonged to the wife, and that, as the matter was all in the family anyway, it was immaterial that he held and retained the legal title. Even if the burden were upon the plaintiffs to over-

come the presumption of gift or advancement, we think they have met that burden.

III.   As the defendant at no time denied the trust but from time to time impliedly admitted it, he cannot rely upon the statute of limitations, laches, or adverse possession. *Murphy v. Murphy,* 80 Iowa, 740; *Smith v. Smith,* 132 Iowa, 700; *Zunkel v. Colson,* 109 Iowa, 695.

IV.   As plaintiffs' mother did not furnish the entire consideration, but simply an aliquot part thereof, they are entitled to have a trust established in the land to the extent of the proportion of the consideration furnished by their mother, and this we find to have been sixteen-twentieths thereof.   The defendant, as surviving husband, is entitled to one-third of this, and the other two-thirds is to be divided share and share alike between the children and heirs at law of the deceased Anna R. Foust.   The only error in the decree we have already pointed out, and, to the extent indicated, it must be modified.   The case will be remanded to the district court for one in harmony with this opinion.   Each party will pay one-half the costs of the appeal.

*Modified* and *Remanded.*