## CROSSEN v. WHITE.

1. **Redemption:** MORTGAGE. Under § 3334 of the Revision of 1860, a mortgagee of real estate has a right to redeem the same from a sale made under execution, although the liability secured by the mortgage may be a contingent one which may never ripen into a certainty.

2. **Pleading:** DEMURRER: VERDICT. A defect in a petition which should be assailed by demurrer is cured by verdict.

3. **Practice:** TIME OF OBJECTION. The appellant cannot avail himself in the appellate court, of objections to the admission of evidence which were not made on the trial below.

*Appeal from Mahaska District Court.*

THURSDAY, JUNE 22.

THE defendant recovered judgment against the plaintiffs Crossen, and one Mooreland, for twelve hundred and seventy-two dollars, upon a note whereon Crossen was only surety for Mooreland. To save Crossen harmless, Mooreland conveyed a certain lot in Oskaloosa to him, and took his bond to reconvey the lot upon being released from liability on the judgment. Crossen made arrangements for White to receive the rent of the lot, and then went to California and left one Vance to act as his agent.

Afterwards, White caused execution to be issued and levied upon the lot, and at the sale purchased it for three hundred dollars. Within nine months after the sale, Vance, as agent for Crossen, advised White that he was going to redeem the lot; whereupon White, in consideration Crossen would not redeem, agreed that he would sell the lot as soon as he could get a fair price, and would pay Crossen the excess over and above the three hundred dollars bid by him for it. In consideration of this agreement Crossen did not redeem. Afterwards White sold the lot for seven hundred dollars, but prior to the sale thereof, he had made the balance of his judgment out of the property

of Crossen. After the sale of the lot by White, plaintiff demanded the four hundred dollars excess, which White refused to pay; and also demanded the rent received by White after the lot was conveyed to plaintiff, and before the sale to White under execution, which was likewise refused, and thereupon plaintiff brought this suit.

The case was tried to the court and the foregoing facts in substance were found; and after a motion for new trial was overruled and exceptions taken thereon, judgment was rendered for plaintiff for the excess aforesaid and rent received—four hundred and twenty-five dollars. The defendant appeals.

*Z. T. Fisher* for the appellant.

*Crookham & Rhinehart* and *John R. Barcroft* for the appellee.

COLE, J. — I. The first point made by the appellant is, that the plaintiff, Crossen, has not shown that he had any such interest in the lot in question, at the time of the alleged agreement with defendant, as would entitle him to redeem. This is based upon the ground, that the plaintiff was only a mortgagee, and held the mortgage to secure him against a contingent liability, and had not, at the time of the agreement, been damnified in any manner whatever.

1. REDEMP-
TION:
mortgage.

Revision, " Section 3334. Any creditor whose claim becomes a lien prior to the expiration of the time allowed by law for the redemption by creditors, may redeem. A mortgagee may thus redeem before or after the debt secured by the mortgage falls due." The plaintiff being a mortgagee, had the right, under this section of the Revision, to redeem, although the liability secured by the mortgage was a contingent one, and might possibly never ripen into a certainty. The fact that he held a mortgage upon the property, to which he might be compelled ultimately

to resort to obtain payment of the liability secured by it, is sufficient to entitle him to redeem. It is true, as a general rule, that more or less uncertainty exists in the case of every mortgage, whether the mortgagee will be compelled to resort to the mortgaged property to collect the debt secured by it; for the debtor may pay the debt without such resort. This doubt, however, does not affect the mortgagee's right to redeem, nor does the addition of a still further doubt, as to whether the debt secured will ever become fixed and certain, defeat that right. It is sufficient if the mortgagee may eventually have to resort to the mortgage security.

It is further claimed by appellant that the plaintiff has not averred in his petition that he was the owner of the

2. PLEAD-
ING: de-
murrer:
verdict.

lot, or mortgagee, or possessed of any interest therein, and therefore he could not recover under such petition, in any event. If the petition was vulnerable to this objection, it should have been assailed by motion or demurrer; such defect is cured by the verdict. *Cotes & Patchin* v. *City of Davenport*, 9 Iowa, 227; *Nollen* v. *Wisner & Van Vark*, 11 Id., 190.

II. The only other point made by counsel for appellant is, that the parol contract, as alleged in the petition,

3. PRAC-
TICE: time
of objec-
tion.

whereby White agreed to allow plaintiff all he could sell the lot for, over his bid, was an agreement for the transfer of an interest in real property, and is therefore within the statute of frauds and void.

Without stopping now to discuss the question, whether, under our Revision, the position assumed by the appellant is or not, in any case, correct law, we remark, that our statute (Rev., § 4006) simply provides, that "no evidence of such contract shall be competent" unless in writing. In this case the parol evidence was received without objection, and fully sustains the plaintiff's case. The defendant

having failed to object to the testimony at the proper time, or at any time, in the District Court, cannot avail himself of any objection to it in this court.

Affirmed.