KEY *et al.* v. McCLEARY.

Mortgage: ABSOLUTE CONVEYANCE: PAROL DEFEASANCE. A conveyance absolute on its face may be shown by parol evidence to have been intended merely as a security.

*Appeal from Louisa District Court.*

THURSDAY, JUNE 25.

SUIT in equity to redeem real estate. Judgment for plaintiffs, and defendants appeal. The necessary facts are stated in the opinion.

*James S. Hurley* and *Cloud & Broomhall* for the appellants.

*J. Tracy* for the appellees.

COLE, J.—The plaintiffs are the heirs at law of George Key, deceased, and the defendants are the heirs at law of Ananias Simpkins, deceased. There is no real conflict in the testimony. The facts proved are, in substance, that in 1857 White, Cook & Co. obtained judgment against George Key for about three thousand seven hundred dollars; execution was afterward issued, and a large quantity of real estate sold under it; at the expiration of the time for redemption, in 1860, Key was not able to raise all the money requisite to redeem his land; he applied to Simpkins to assist him, and agreed with Simpkins that if he would furnish the balance necessary to redeem, it being about seventeen hundred and fifty dollars, that the sheriff's certificate of sale, held by

White, Cook & Co., for all the land, should be assigned to Simpkins, to secure the repayment of the amount advanced by him; the money was furnished, the certifiate assigned, and afterwards the sheriff made a conveyance of the land to Simpkins. Before the death of either Key or Simpkins, they made an agreement that Simpkins should have the absolute title to certain of the lands in satisfaction of the money advanced by him, and the balance of the land should be conveyed to Key or such persons as he should direct. Key and Simpkins died before this agreement was executed.

The District Court rendered judgment in favor of plaintiffs, vesting and quieting the title in them to all the lands, except the parcels to which Simpkins was to have the absolute title by the terms of the agreement between him and Key, and as to those parcels the title was quieted in defendants. The District Court gave the defendants their election to take a judgment for the amount of money originally advanced by Simpkins, and interest on the same up to date of judgment, and have the same made a lien upon the whole land, or to take a judgment for the land as per the agreement. The defendants declined to elect, and the District Court, finding the value of the land greater than the money and interest, gave judgment for the land. No complaint is made on this ground.

Two points are made upon the record: First, the conveyance to Simpkins was caused to be made by Key for the purpose of delaying his creditors. To this, there are two sufficient answers: no such question is made by the pleadings; nor is there sufficient testimony to sustain it if made. Second, the contract detween Key and Simpkins was in parol, and as it related to real estate, it can not be enforced, because it is within the statute of frauds.

If the transaction was a loan and the instument given to secure its repayment, though absolute on its face, was intended as a mortgage, such fact may be shown by parol. *Hall* v. *Savill*, 3 G. Greene 37, and authorities cited; *Fifield* v. *Gaston*, 12 Iowa, 218; *Richardson* v. *Barrick*, 16 id. 407.

Besides, in this case, the testimony of Simpkins himself, given before his decease, in his answer as a garnishee, which answer was introduced by defendants as evidence upon the hearing, shows that the original transaction was a loan, and the sheriff's deed was taken as a security for its repayment in six months. It was not then repaid; but once a mortgage always a mortgage is a maxim, in equity. See authorities cited in *Richardson* v. *Barrick*, *supra*.

Affirmed.