## GREEN V. TURNER.

1. **Mortgage**: IT EMBRACES ALL FORMS OF SECURITY FOR DEBT. Equity will regard any conveyance of land, intended to operate as security for a debt or for the performance of a contract, as a mortgage.

2. ———: EVIDENCE. To sustain an averment that a bond and deed were intended to have the effect of a mortgage, parol evidence, tending to show the intention and condition of the parties and other incidents of the transaction, was held to be admissible.

3. ———: USURY: FORECLOSURE. One holding title to land under an execution sale, cannot, in an action to foreclose a paramount mortgage made by the execution defendant, set up usury in the mortgage.

4. ———: ADVERSE POSSESSION: STATUTE OF LIMITATIONS. When, in an action to cancel a deed intended to operate as a mortgage, the mortgagee having been in possession, the statute of limitations was pleaded in bar of a recovery, it was *held:*

    1. That a mortgagee in possession, after having received payment of the debt, will not be protected by the statute of limitations, unless it be shown that he has held adversely to the mortgagor for the period which limits recovery of the land.
    2. That the relation of mortgagee and mortgagor is analagous to that of trustee and *cestui que trust*, and possession of the land covered by the mortgage by either is not, as to the other, adverse.

*Appeal from Polk District Court.*

THURSDAY, MARCH 19.

ACTION IN CHANCERY. The petition alleges that plaintiff is the owner of the S. W. ¼, of Sec. 33, T. 79, N. R. 24 W., in Polk county, her title thereto being derived from one Jonathan Lyon through a sheriff's sale, and a deed thereon executed December 6, 1869. The judgment upon which this sale was had, was rendered in 1859 against Lyon. It is averred in the

petition that on the first day of November, 1858, defendant Turner loaned Lyon $5,000, and that to secure the payment of the sum so borrowed, Lyon executed an absolute conveyance of the land in question with other tracts to Turner; that on the same day Turner executed a bond, obligating himself to convey the property to Lyon, upon the payment of $6,800 in one year. Copies of the deed and bond are made exhibits. The deed is in the usual form. The bond binds Turner to withhold the land from sale to any other person for one year, and to convey the same to Lyon, upon payment to be made by him of $6,800 within that time. The instrument concludes with a condition that it shall be null and void and of no effect, either in a court of law or equity after the first of November, 1859, the day fixed for the payment to be made by Lyon. It is set out in the petition that Turner entered into the possession of the land described in the deed and his obligation, and has received the rents and profits thereof, has sold numerous tracts, and received large sums therefor and has cut and sold large quantities of wood and timber from the land, and received therefor large amounts of money. It is averred that defendant, Turner, has been fully paid, by the sums he has so received, for the amount intended to be secured by the said deed and bond. It is also alleged that said deed and bond were intended to operate as a mortgage, for securing the money borrowed as aforesaid.

It is next charged that the sum of $5,000 was the whole amount borrowed by Lyon of Turner, and that $1,800 was agreed and undertaken to be paid by Lyon, as interest on the sum borrowed for one year; whereupon it is claimed that the contract is usurious, and this defense is set up against the right of defendant, to recover the amount provided for in his bond to be paid by Lyon, if it should be found that the debt has not been discharged. These different matters were properly set out in distinct divisions of the petition. Relief is claimed in the alternative:

1. That the conveyance to Turner by proper decree be cancelled and declared of no validity, and the cloud therefrom resting upon plaintiff's title removed.

VOL. XXXVIII—8.

2. That, if it be found the debt secured be not fully paid, an account be taken of the sums recovered by defendant, to be credited upon the original indebtedness, and plaintiff be permitted to redeem by the payment of any balance of the debt remaining unpaid; that the contract for the loan of the money be regarded as usurious, and the account of the parties be stated accordingly; that plaintiff's title to the land be quieted, and possession thereof be rendered to him.

The defendants demurred to the petition upon the following grounds:

1. "It sets out no cause of action.

2. "The plaintiff cannot plead usury on a contract between Lyon and Turner.

3. "The petition shows that plaintiff's cause of action, if she ever had one, is barred by the statute of limitations."

The demurrer was sustained and the petition dismissed. Plaintiff appeals.

*Rivers & St. John*, for appellant.

*Polk & Goode*, for appellee.

BECK, J.—I. It is a familiar doctrine that any conveyance of lands, intended to operate as a security for the pay-

1. MORTGAGE: it embraces all forms of security for debt. ment of money, or for the performance of any contract will be regarded in equity as a mortgage, and the rights of parties under it will be enforced and protected accordingly. In order to establish and enforce such rights, courts ascertain the intentions of the parties. If it be found that the intention was simply to create a security for a debt, whatever may be the form of the transaction and of the instruments witnessing it, the transaction will be treated as a mortgage. The courts, in searching after the intention of the parties, are not confined to the consideration of the written instruments executed by them, or the terms thereof. *Russell v. Southard et al.*, 12 Howard, 139. The condition and conduct of the parties, and all the surrounding circumstances will be considered and weighed. Parol evidence is admissible to

show that a deed, absolute on its face, was intended as a security for a debt. So if the transaction between the parties is presented by writings as a conditional sale or contract for a repurchase, yet if the true intention was to secure the payment of a debt, and the writings were but a devise to conceal it, parol evidence is admissible to uncover the real character of the arrangement. The true nature of the transaction will determine whether it shall be regarded as a mortgage, or an absolute conveyance or a conditional sale. This will be determined upon the consideration of all the attendant circumstances and facts, and the situation and condition of the parties. *Hughes & Deal v. Sheaff*, 19 Iowa, 344; *Trucks v. Lindsey*, 18 Iowa, 504; *Key v. McCleary*, 25 Iowa, 191; *Richardson v. Barrick*, 16 Iowa, 407.

2. ——: evidence.

The petition before us alleges that the deed and bond of defendant were but contrivances intended to operate as a mortgage. This averment may be supported by evidence other than these writings themselves. See *Russell v. Southard et al.*, *supra*. Without passing upon the effect of these instruments, it is very plain, under the authorities above cited, that if they do not support the allegations of the petition, plaintiff could have introduced other evidence for that purpose. The true intention of the parties could have been established by parol evidence, by proof of their condition and situation, and of other competent matters outside of the writings themselves. If such evidence had been introduced sufficiently supporting the allegations of the petition, the transaction would have been considered as a mortgage. In this view the petition, in fact, sets out a sufficient cause of action, and the first ground of demurrer was not, therefore, well taken.

II. The plaintiff assails in her petition the transactions between Turner and Lyon as usurious. It has been ruled by this court that the grantee of lands mortgaged to secure a usurious contract cannot interpose the plea of usury against an action to foreclose. See *Perry v. Kearns*, 13 Iowa, 174; *Greither v. Alexander et al.*, 15 Iowa, 470, and authorities cited. Plaintiff being a purchaser at sheriff's sale, stands in no other or more favorable position

3. ——: foreclosure: usury.

than a grantee by voluntary sale. The demurrer attacking the allegations of the petition in regard to the usurious character of the transaction was properly sustained.

III. The demurrer assailing the petition on the ground that it shows the action to be barred by the statute of limita-

4. ————: tions in our judgment was improperly sustained.
adverse pos-
session: stat-  The petition alleges that the defendant, Turner,
ute of limita-
tions.          has been fully paid by the sale of a part of the land, by the rents and profits of the property and by the proceeds of wood and timber cut off the land and sold by him. It cannot be denied that, if the transaction was really a mortgage, and the creditor received proceeds of the land in the manner charged, to the full amount of his debt, this would operate as payment. It is not shown at what time the payment was made. The petition to be obnoxious to demurrer must show affirmatively the existence of the defense under the statute. But it does not show that payment was made at a date subsequent to which the statute had run for the time required to bar plaintiff's remedy accruing on account of such payment; neither does it show that defendant has held the adverse possession of the land for such length of time after the payment, as under the statute, would operate to protect his title to, and possession of, the property.

It is proper briefly to support the position just announced by argument and authorities, and incidentally to consider certain positions assumed to be in conflict therewith.

In *Gower et al. v. Winchester et al.*, 33 Iowa, 303, it is held that a junior mortgagor is barred by the statute from redeeming under his mortgage from a prior foreclosure and sale upon a senior mortgage in ten years thereafter. The decision is based upon the ground that the right of redemption being exercised under the mortgage, is limited by the statute to the time within which a foreclosure of the same instrument may be maintained. It may be admitted to be the rule that the rights of foreclosure and redemption are mutual and commensurable, and that the lapse of time which will, under the statute, bar the first, will have a like effect upon the last. *Caufman v. Sayre*, 2 B. Mon. 206; *Cunningham v. Hawkings*, 24 Cal. 409; *Grattan*

*v. Wiggins*, 23 Cal. 35; *Koch v. Briggs*, 14 Cal. 262; 2 Hilliard on Mortgages, p. 1, *et seq.*

But this doctrine has no application to the case before us, at least to one state of facts upon which relief is claimed. It is alleged that Turner has received payment in full of the debt secured by the conveyance, by rents and profits realized from the land, by the proceeds of timber sold, and by large sums received for a part of the land conveyed by him. Money received from such sources by the mortgagee in possession, while the right of redemption still exists, a court of chancery will apply as payment upon the debts secured by the mortgage. See authorities cited in 1 Hilliard on Mortgages (2 ed.), pp. 213, 417, 420, 422, 423, 438.

If the instrument was intended to secure the payment of money loaned, and such is alleged to be the fact in the petition, it is, as we have seen, a mortgage, and the right of redemption cannot be cut off by agreement of the parties made at the time of its execution, nor by the possession of the land by the mortgagee. See authorities cited in 1 Hilliard on Mortgages, (2d Ed.) p. 59, *et seq.* (Chap. IV.) The right of redemption exists there until barred by the statute and the mortgagee will be required to account for rents, profits, waste, and for the proceeds realized by the sale of a part of the mortgaged premises. It cannot be doubted that a junior mortgagor or one holding the equity of redemption of a conveyance under the mortgagor may require the mortgagee in possession to account for money realized from such sources. *Lewis v. DeForrest*, 20 Conn. 427.

Now the petition alleges that the debt secured by the conveyance was paid in the manner stated. The time of these payments is not shown further than it was before the commencement of the suit. It may be admitted for the purpose of this inquiry that if the debt had been paid ten years or more before the commencement of the suit and defendant in the mean time had held adverse possession of the land, plaintiff's right of action would be barred. But the petition shows no such facts and no presumption thereof can be based upon its averments. Under the provisions of the

bond or agreement executed by Turner, the grantor or mort-gagor of the land had until the 1st day of November, 1859 to pay the debt.    The suit was commenced December 17, 1869.    In order to hold that payment was made ten years before the commencement of the suit, thus giving effect to the statute, we must presume that it was made before the matu-rity of the debt or within forty-seven days thereafter.    We cannot be expected, in the absence of averments, to presume either fact.

A mortgagee in possession, after having received payment of the debt, will not be protected by the statute of limitations unless it be shown that he holds adversely to the mortgagor and has so held for the time which limits recovery of the land. Some act other than mere possession under the mortgage after payment must be shown, to establish the adverse character of his possession.    In equity, payment of a mortgage debt before forfeiture extinguishes the title of the mortgagee, and payment thereafter leaves the mortgagor in a condition to recover pos-session of the land by suit in equity.    1 Hilliard on Mortga-ges, (2 Ed.) 447, et seq. (Chap. XVII.)

The relation of mortgagee and mortgagor is analogous to that existing between the trustee and *cestui que trust* and the possession by either of the land covered by the mortgage is not as to the other adverse.    The mortgagee while holding under the mortgage cannot disseize the mortgagor.    2 Hil. liard on Mortgages (2 Ed.) 16, *et seq.*    Equity regards the estate of the mortgagee as a trust estate; when the debt is dis-charged there is a resulting trust for the mortgagor.    *Conard v. The Atlantic Insurance Co.*, 1 Pet. 386.

In this state the mortgagee holds, not an estate in the lands, but a mere lien thereon.    Without stopping to inquire whether a different rule is applicable to the grantee in an absolute deed given to secure a debt, we conclude his interest cannot be greater than under a like conveyance at common law and that he cannot hold more than a trust estate.

No principle of law or equity will permit a trustee to set up the statute of limitations to defeat the recovery of the trust property by the party entitled to it.    The statute will not

begin to run until he has ceased to hold under the trust and sets up in himself a title of possession adverse to the rights of the *cestui que trust.* Regarding the mortgagee in possession after payment of the debt as a trustee of the mortgagor, the statute of limitations will not run in his favor while he holds under the mortgage. When his possession and claim become adverse and not before will he be entitled to its protection. That this rule is applicable to the case of an absolute deed given to secure a debt and treated by the law as a mortgage, there can be no doubt.

In this state the foreclosure of a mortgage is barred in ten years. The rule is based upon the consideration that the mortgage creates not an estate but simply a lien or charge upon the land to secure the debt. If recovery of the debt be barred, then there can be no remedy upon the mortgage. *Newman v. DeLorimer*, 19 Iowa 244. As the rights of the mortgagor and mortgagee are reciprocal and commensurable, redemption under the mortgage will be cut off at the expiration of the same time. But it is evident that upon payment in full of the mortgage debt, the relations and rights of the parties are changed, and that the reasons upon which the rule is based no longer exist. The mortgagor by the payment has redeemed from the mortgage; its lien is discharged. The mortgagee in possession after payment holds the premises for the mortgagor, as a trustee, or otherwise and not adversely.

The petition in the case before us alleges redemption from the mortgage by the payment in full of the debt, and asks that the deed which is regarded as a mortgage, being a cloud upon plaintiff's title, be cancelled. The ground of the relief is the payment of the redemption. It does not seek to enforce the right of redemption, for redemption has been made by payment of the debt, but it asks that rights existing after redemption be enforced, namely, that the land be declared redeemed from the encumbrance and the deed be cancelled. If there were in fact a redemption, equity will not permit the encumbrance to stand. The petition alleges that there was redemption by payment in full and asks that the deed be declared discharged and be cancelled. Can it be claimed that after actual

redemption by payment the mortgagor's remedy is by bill to redeem, or that a bill for relief on the ground of actual redemption is to be regarded as a bill to redeem? The question is too plain to admit of any doubt or confusion in the answer. Yet just here is the trouble. Defendants insist on regarding the petition as presenting a claim to redeem and nothing more. If this were so the statute might well be held to apply. There ought to be no difference of opinion upon facts and legal principles so easy to be understood. The petition in one court alleges actual redemption; it does not show adverse possession in defendants. It is not therefore obnoxious to the demurrer based upon the statute of limitations, which should have been overruled.

REVERSED.