## RUTHVEN BROS. v. MAST· & Co.

1. **Judicial Sale: INJUNCTION: PRIORITY OF LIENS.** An injunction will not be granted restraining the sale of land under a judgment on the ground that the plaintiff is the holder of a mortgage which is a prior lien on the land, it not being shown that the sale will not be made subject to the lien of the mortgage.

*Appeal from Palo Alto District Court.*

THURSDAY, APRIL 21.

ACTION in equity. The petition was dismissed and plaintiff appeals.

*T. W. Harrison,* for appellants.

*Crawford & Soper,* for appellees.

SEEVERS, J.—The petition states that in 1875 John Nolear purchased certain described real estate for a homestead for himself· and family; that he paid therefor, and for a dwelling-house erected thereon, with money belonging to his children, but as a matter of convenience the conveyance was made to him for the use and benefit of his children, and the said premises were occupied as the homestead of said Nolear and his family; that in August, 1876, Nolear executed a mortgage on said premises to Wilson & Co., as security for the payment of indebtedness incurred for lumber used in erecting a dwelling-house on said premises; that in August, 1876, said Nolear sold and conveyed said premises to the plaintiffs, who, as a part of the purchase money, assumed the payment of said mortgage, and thereafter paid the same to Wilson & Co., who assigned the mortgage to the plaintiffs, who thereby became subrogated to all the rights of Wilson & Co.; that since they purchased said premises plaintiffs have made necessary improvements thereon to the value of $305; that in April, 1876,

defendants, Mast & Co., recovered a judgment in the District Court against Nolear, on which execution has been issued under which they are about to sell said real estate, and that a cloud is thereby cast on plaintiffs' title. The relief asked is: " That the title to said, premises be quieted in said plaintiffs; that said judgment of said P. P. Mast & Co. be declared to be no lien upon said premises, and that any pretended lien or claim upon said premises, arising from said judgment, be canceled by decree of this court; that a writ of injunction issue hence restraining the defendants from any further proceedings to sell said premises under said execution      *      * and for such other relief as may be equitable herein."

The material allegations of the petition were denied by the answer, and it was therein alleged the debt upon which the Mast & Co. judgment was rendered was incurred in 1874. Counsel for appellants insist:

I.   That a mortgage given for unpaid purchase money has precedence over a prior judgment against the vendee, and
1. JUDICIAL that the mortgage given by Nolear to Wilson & sale: injunc- Co. was one of that character, and the same havtion: priority of liens. ing been assumed and paid by them as before stated they became entitled to all the rights of Wilson & Co. If this be conceded it is undoubtedly true Mast & Co. have the right to sell the real estate subject to such prior lien. The plaintiffs' lien, if one they have, is just as perfect and valuable after the sale as it was before. They have not, therefore, been in any manner prejudiced by the dismissal of their petition unless they were entitled to a decree requiring Mast & Co. to sell subject to the prior lien of the plaintiffs. This relief they were not entitled to because it was not alleged in the petition that Mast & Co. claimed that they had any right to sell except subject to the claimed prior lien of the plaintiff. It is insisted the money paid for improvements by the plaintiffs should be regarded as purchase money. No authority is cited in support of this position, and we regard it as exceedingly doubtful. But conceding it to be so, then on plaintiffs'

theory the money so paid would constitute a prior lien to that of Mast & Co., and any sale by the latter would have to be made subject thereto.

II. It is urged Nolear purchased the premises with the proceeds of a former homestead. There is no sufficient evidence to warrant this conclusion. The debt to Mast & Co. was incurred before the premises in question became the homestead of Nolear, and that it is liable and may be sold for the payment of such debt is expressly provided by statute. Code, § 1992.

III. Finally, counsel urge that although Nolear had the legal title the purchase money was furnished by his children, and the land, therefore, in equity belonged to them. In support of this proposition the evidence of Nolear is largely relied on. We have examined such evidence, and all other introduced by the plaintiff, with care, and without reference to that introduced by the defendants, the proposition above stated has not been established by such clear and satisfactory evidence as is required in such cases. *Trout v. Trout*, 44 Iowa, 474; *Burns v. Byrne*, 45 Id., 285, and authorities cited.

AFFIRMED.