E. E. RAMSDELL *et al.*, Appellants, v. TAMA WATER-POWER COMPANY *et al.*, Appellees; and E. G. PENROSE *et al.*, Appellants, v. TAMA WATER-POWER COMPANY *et al.*, Appellees.

Judicial Sales: RIGHTS OF PRIOR INCUMBRANCERS: INJUNCTION. The assertion in public by a plaintiff in execution that a mortgage upon certain real estate, purporting to be prior to the lien of his judgment, is fraudulent and void, and that the lien of his judgment is superior thereto in point of fact, will not entitle the mortgagee under said mortgage to an injunction restraining the sale of said real estate under execution by said judgment creditor.

*Appeal from Tama District Court.*—HON. J. H. PRESTON, Judge.

TUESDAY, FEBRUARY 2, 1892.

ACTIONS in chancery to enjoin and restrain the defendants from selling certain real estate on execution. The actions being substantially alike as to pleading and facts, they are submitted together on the same abstracts and arguments. The district court, upon a trial, dismissed the petitions, and the plaintiffs appeal.

*Wm. H. Stivers* and *J. W. Willett*, for appellants.

*Struble & Stiger*, for appellees.

ROTHROCK, J.—It is alleged in the petitions that the respective plaintiffs hold separate mortgages upon certain real estate and personal property of the Tama Paper Company; that the defendant, the Tama Water-Power Company, afterwards recovered a judgment against said mortgagors, upon which an execution has been issued and levied upon the real estate mortgaged to the plaintiffs as above stated; that the levy is not made subject to the plaintiffs' mortgages, but in disregard of the plaintiffs' rights therein. The defendants, in their answer, deny that the plaintiffs are the owners or holders of the mortgages, and deny that the judgment is a lien inferior to the plaintiffs' mortgages, and aver that such mortgages were given for the purpose of cheating and defrauding the creditors of the Tama Paper Company. The cause was heard on the following admissions or agreed statement of facts. "*First.* That the Tama Water-Power Company recovered the judgments, and each of them, set up in the petitions in each of these causes. *Second.* That the notes and mortgages set up in the petitions were executed as alleged, and that the mortgages were recorded as alleged. *Third.* That said Tama Water-Power Company caused the executions to issue as alleged in the petition, and that the sheriff, by virtue thereof, levied on the property set up in each of the petitions, and that he was about to sell the same under the direction of the plaintiffs in said executions, without any regard to the prior mortgages claimed in the petitions; and, if it had not been for the injunctions herein, said sheriff, under said executions, would have sold the said property by virtue thereof. *Fourth.* That, after the levy and before the day fixed for the sale, the plaintiff in said executions was publicly asserting that the mort-

gages and notes described in the petition were fraudu-
lent and void, and that its lien under and by virtue of
said judgments was prior thereto in point of fact, and
directed the sale to be made without regard to said
mortgages, and without specifying in the notice that
the sales were made subject thereto.'' The foregoing
agreed statement or admission made by the defendants
was all the evidence introduced upon the hearing.

The position of the appellants is that the defend-
ants had no right to sell the property on execution
without selling subject to the lien of the plaintiffs' mort-
gages. This abstract claim cannot be sustained. It is
the undoubted right of the holder of a junior judgment
lien to levy execution and sell real estate without
regard to the fact that there is a prior incumbrance
upon the property. This method of procedure has
been too long recognized and pursued in this state to
be now called in question. The junior lienholder may
by this manner of procedure acquire all of the interest
of the owner of the land, including the possession and
rents and profits; and he may remain in possession
until the foreclosure of the senior lien and a sale there-
under. He may not only acquire these rights, but,
when the mortgagee seeks to foreclose the mortgage,
he may make the claim that the mortgage is fraudulent
as to creditors.

We do not understand counsel for the appellants
to question the above propositions of law. But they
claim that the defendants in this case have no right to
sell the property on execution, because, as shown by
the admissions above set out, the plaintiff in execution
was publicly asserting that the mortgages were fraudu-
lent and void, and that its lien under and by virtue of
said judgment was prior thereto in point of fact; and
that, if permitted to proceed with the sale, it would
very greatly damage the plaintiffs as mortgagees when
they should proceed to foreclose the mortgages and sell
the property on special execution, because the property

would sell for much less by reason of the wrongful conduct of the defendants in casting aspersions upon the plaintiffs' security. The claim of the plaintiffs is akin to what is sometimes called "slandering title." In our opinion, their claim is not well-founded. The public assertions of the defendants in reference to the validity of the plaintiffs' mortgages created no right of action, and they were not prejudiced thereby in any legal sense. There is nothing in the law of estoppel which called upon them to speak and contradict the utterances of the defendants, much less to commence an action to silence the claims of the defendants. A foreclosure of the mortgages with proper parties defendant, and a decree against 'junior lienholders, will effectually dispose of the defendants' alleged unfounded claims, if they be unfounded; and we think that at the end of such a proceeding the claims of the defendants, if unfounded, will be no prejudice to a fair sale of the property.

The appellants appear to confidently rely upon the case of *Ruthven v. Mast*, 55 Iowa, 715, as sustaining the right to maintain this action. In that case it is held that an injunction will not lie to restrain a sale of land under a judgment on the ground that the plaintiff is the holder of a mortgage which is a prior lien on the land. The reason given in the opinion why an injunction will not lie is that it was not alleged that the owners of the judgment claimed that they had any right to sell, except subject to the claimed prior lien of the mortgagees. In the case at bar the defendants were proceeding to sell the property in the usual manner. If the plaintiff had not interposed the injunction, the record made by the sale would not have shown any ground for a claim of priority, and the plaintiff would not have been prejudiced. There is nothing inconsistent between the views we have herein expressed and the cited case. It was not decided in that case that an injunction would lie if the claim had

been made that the defendant had publicly stated that the judgment was a prior lien. The decree of the district court will be AFFIRMED.

KINNE, J., having been of counsel in this case, took no part in its determination.