JAMES ROBERTSON, Appellant, v. MOLINE, MILBURN &
STODDARD COMPANY, Appellee.

1. **Execution Sale:** REDEMPTION BY GRANTEE IN TRUST: TIME.   A
creditor to whom real estate has been conveyed by absolute deed for
the purpose of security, is not a vendee of his debtor in such sense as
to entitle him to redeem said property from an execution sale, on a
judgment against his grantor, within the last three months of the year
allowed for redemption.

2. ———: ———: PURCHASER MAY QUESTION RIGHT.   A purchaser of
real estate at execution sale has such a right therein that he may ques-
tion the right of one, who is merely a creditor of the defendant, to
redeem within the last three months of the year allowed for redemp-
tion.

*Appeal from Cherokee District Court.*—HON. GEORGE
W. WAKEFIELD, Judge.

TUESDAY, MAY 23, 1893.

THIS appeal comes up on the ruling of the court below, sustaining a demurrer to the plaintiff's petition. The petition, in substance, states that in February, 1890, the plaintiff obtained a judgment against Addie J. and W. W. Meredith, husband and wife, for about nine hundred dollars, and also a decree of foreclosure against certain real property in Washta, belonging to said Addie J. Meredith. That J. D. F. Smith and the Moline, Milburn & Stoddard Wagon Company were made defendants, and their rights in said premises foreclosed, as shown in the decree, which is set out. That a special execution issued, and said premises were sold to the plaintiff April 8, 1890, and a certificate of sale made by the sheriff. That in 1889 said defendant company had a claim against said W. W. Meredith for a large amount, and commenced an action by attachment thereon, and thereunder levied on certain property of said Meredith, and garnished certain persons as supposed debtors of said Meredith. That the legal title of lot 7, in block 4, in Washta, was in said Addie J. Meredith; the same being a part of the real property covered by said decree of foreclosure. That said Addie J. Meredith and W. W. Meredith conveyed said lot to J. D. F. Smith, by deed, for the sole purpose of securing the said claim on which said attachment suit had been commenced, "and for no other purpose whatever." That at the time said deed was made it was orally understood and agreed that on payment of said debt, or the balance after deducting the amount realized from the sale of the personal property, and from garnishments above referred to, said Smith should reconvey said premises to said Addie J. Meredith; that rents were to be collected by said Smith, and applied on said claim, and accounted for. That said title was in fact held by Smith in trust for the defendant company. That said conveyance to Smith was not an absolute conveyance, but only a security for

said claim, and that Smith never became the owner of the property under said deed. That January 10, 1891, said Smith and wife conveyed said property by quitclaim to the defendant wagon company. That February 28, 1891, said Addie J. and her husband conveyed said property by quitclaim to one J. H. Allen. That said defendant made no attempt to redeem from said sale until April 8, 1891, when it paid to the clerk of said court the amount necessary to redeem from said sale, and said clerk receipted for the same, and still holds said money. That on account of said attempted redemption the sheriff refuses to execute to the plaintiff a deed for the premises, notwithstanding there has been no other redemption than as set out above. That said pretended redemption prevents the plaintiff from securing his deed. And the petition prays that the said redemption be set aside, and the plaintiff be decreed to be entitled to a sheriff's deed, and also judgment for the rental value of the property since the plaintiff was entitled to his deed.

To this petition the defendant demurred on the ground that the facts stated do not entitle the plaintiff to the relief demanded. This demurrer was sustained, and the plaintiff appeals, assigning error on said ruling.—*Reversed.*

*David H. Bloom* and *E. C. Herrick*, for appellant.

*J. D. F. Smith*, for appellee.

GIVEN, J.—I. Under the Code, one year from the day of sale is given in which to redeem real estate sold

1. EXECUTION sale: redemption by grantee in trust: time.

upon execution. The right to redeem is given exclusively to the defendant for the first six months; then to his creditors having liens in common with the defendant, and as between each other for the next three months; and to

the defendant exclusively for the last three months.
See sections 3102–3105. Section 3123 is as follows:
"The rights of a defendant in relation to redemption
are transferable, and the assignee has the like power to
redeem." This court has held that the vendee of an
execution defendant is considered as within the mean-
ing of the term "defendant," as used in said sections,
and that he may redeem as such. *Thayer v. Coldren,*
57 Iowa, 110. The redemption in question was not
made until after the three months allowed to creditors.
It was not made until the last day of the year. The
appellee claims the right to redeem at that time, not
as a creditor, but as assignee and vendee of the execu-
tion defendant under the deeds mentioned. The
appellant contends that, said deeds being given solely
as security, they have no other effect than a mortgage,
and therefore the appellee is a mère creditor, and only
entitled to redeem as such.

There is no question but that if those deeds were
in fact absolute, as they purported to be, they would
convey to the appellee the same rights to redeem that
the execution defendant had, namely, to redeem at any
time within one year from the day of sale. According
to the petition, they are not absolute, but were given
for the sole purpose of securing the indebtedness owing
by Mr. Meredith to the appellee, "and for no other pur-
pose." This court and the courts of this country have
very generally held that a conveyance of real estate,
absolute on its face, may, by proper evidence, be shown
to have been intended to operate as a security, and
when so shown it is regarded as a mortgage, and the
rights of the parties enforced accordingly. *Trucks v.
Lindsey,* 18 Iowa, 504; *Key v. McCleary,* 25 Iowa,
191; *Green v. Turner,* 38 Iowa, 112; 6 Am. & Eng.
Encyclopedia of Law, 675.

The appellee does not question the rule just stated,
but contends that the conveyance to Smith is shown in

the petition to have been in trust; that his conveyance to the appellee was a transfer of the trust; that it was the privilege and duty of the appellee, as trustee and holder of the legal title, to protect the trust estate by redeeming; and that it might do so as trustee at any time within the year. Concede that the conveyance to Smith was as trustee, yet, according to the petition, it was as security, and, therefore, under the law, but a mortgage. A mortgage is not an estate in the land, but simply a specific lien or charge thereon. *Newman v. De Lorimer*, 19 Iowa, 244. Smith did not have an absolute assignment, and, therefore, he was not a vendee of the defendant, within the meaning of the statutes we have referred to. If Smith was a trustee, the trust was terminated by his conveyance to the appellee. The appellee took no greater rights than Smith had, which were the rights of a mortgagee. Taking, as we do, for the purposes of the demurrer, the allegations of the petition to be true, we think they show that the appellee is but a mortgagee. If the Merediths had executed a mortgage to Smith as trustee, or directly to the appellee as a security, it would hardly be claimed that the appellee could redeem otherwise than as a creditor, and yet, under the allegations of the petition and the law, these conveyances were but as a mortgage. We are of opinion that, under the facts as alleged, the appellee had the right to redeem as creditor only.

II. The appellee contends that the appellant is not entitled to question the character of the convey-

2. ——: ——: pur-
chaser may
question right. ances from the Merediths to Smith, and from Smith to the appellee; that he is a stranger to said conveyances, and had no estate in the lot, but a mere lien thereon, which he has exhausted, and of which he gets the full benefit by the redemption. When the appellant purchased said lot at the sale on execution, he took it subject only to redemption from the sale by the persons and in the manner authorized

by statute.   If those entitled to redeem failed to do so within the time and in the manner provided, the lot became his absolutely.   He might surely question the right of one not authorized to redeem to do so, and ask that an attempted redemption be set aside as a cloud upon his title.   For the same reasons he may question a redemption by one authorized to redeem, who does. not do so within the time allowed.

Our conclusion is that the demurrer should have been overruled.   REVERSED.