JOHN BYERS *et al.*, Appellees, v. THOMAS C. JOHNSON, Appellant.

1. **Sheriff's Deed Construed as Mortgage:** MONEY LOANED FOR REDEMPTION: EVIDENCE. A part of the sum necessary to redeem certain real estate from a sale under execution was advanced by the defendant, under a parol agreement that he would redeem the premises for the benefit of the owner, and that, if the same were not redeemed at the end of a year from the date of the sale, he would take a sheriff's deed in his own name, and hold the property until such time as the owner should pay him all the money he had expended, and thereupon his interest therein should cease. The premises were worth double the amount necessary to redeem, and, after the defendant acquired a sheriff's deed, the owner continued in possession thereof for about five years, and until the day of her death, making leases therefor, paying taxes and insurance, and collecting a part of the rents. *Held*, that the evidence was sufficient to show that the sheriff's deed was taken by the defendant for the purpose of security only.

2. ———: ———: STATUTE OF FRAUDS: PRACTICE IN SUPREME COURT. The question whether such an agreement is within the statute of fraud, and therefore not enforcible, not having been raised in the district court, *held*, that it would not be considered by the supreme court.

3. ———: ———: WIFE'S INTEREST IN HOMESTEAD SUFFICIENT TO SUPPORT AGREEMENT. The interest of a wife in a homestead, the legal title to which is in the husband, who has abandoned his wife, is such as will entitle her to protect the property in the manner above stated.

4. ———: ———: LIMITATION OF ACTIONS. The statute of limitations against an action for the recovery of real estate held under an absolute deed, but intended as a mortgage, begins to run from the date of the last payment upon said mortgage by the mortgagor, and not from the date of the agreement under which said deed was acquired.

5. **Pleading:** ISSUES: EVIDENCE. The plaintiff's petition alleged that one S. was the "sole and only heir at law" of the owner of said real estate, and the answer excepted from its denial of the allegations of the petition the fact of the relationship of S. to said owner. *Held*, that, it not having been questioned in the district court that S. was the only heir, the admission of the answer would be considered in the supreme court as intended to admit the allegation of the petition in regard to the heirship of S.

*Appeal from Poweshiek District Court.*—HON. A. R. DEWEY, Judge.

### THURSDAY, OCTOBER 12, 1893.

ACTION in equity for an accounting, and to compel the conveyance of certain real estate to the plaintiffs. There was a hearing on the merits, and a decree in favor of the plaintiffs. The defendant appeals.— *Affirmed.*

*Haines & Lyman,* for appellant.

*John T. Scott* and *W. R. Lewis,* for appellees.

ROBINSON, C. J.—For some time prior to the first day of January, 1883, John Byers owned lot number 5 of the northeast quarter of the northwest quarter of section 23, in township 8, north, of range 14, west. On the date specified, he and his wife, Eliza, executed and delivered a mortgage on the premises described to secure an indebtedness to T. J. and W. T. Holmes. During or about the month of December, 1884, a decree was rendered against John Byers on account of that indebtedness for the sum of one thousand, eight hundred and thirty-five dollars and three cents and costs, and foreclosing the mortgage. On the seventh day of February, 1885, the mortgaged premises, which included two or more buildings, were sold to the mortgagees for the sum of two thousand, ninety-two dollars and seventy-six cents. Byers and his wife lived upon the premises as a homestead both before and after the mortgage was given, but he deserted and abandoned his wife before the transactions in controversy occurred, and thereafter she appears to have managed the property, and to have lived upon it during most of the time until her death, which occurred in January, 1892. In October, 1885, the

sheriff's certificate of sale was assigned to the defendant, and in due time a sheriff's deed was issued to him for the premises.

In November, 1891, Mrs. Byers commenced this action, claiming in her petition that having only eight hundred dollars, and being desirous of purchasing the premises, she entered into a verbal agreement with the defendant, who was her brother, by the terms of which he was to furnish her with so much money as should be necessary to purchase the certificate of sale, and, if the premises were not redeemed at the end of a year from the date of the sale, to take a sheriff's deed in his own name, and hold the premises until such time as she should pay to him all the money by him expended, and that the sheriff's deed should be treated and considered as a mortgage as between her and the defendant; that in pursuance of the agreement she gave to the defendant eight hundred dollars, with which he, with one thousand, four hundred dollars he had borrowed for the purpose, purchased the certificate of sale, taking an assignment thereof in his own name; that at the expiration of the time for redemption a sheriff's deed was executed to him; that by the terms of the agreement she had retained possession of the premises; that she had fully paid the defendant for the money he had advanced, and demanding that he be required to account for the money he had received and expended under the agreement; that, if anything remains due him, it be ascertained, and that he be requested to convey the premises to her. Mrs. Byers died intestate, and, after her death, John Byers, the husband, and Eliza J. Stephenson, her sole heir, were substituted as parties plaintiff. The defendant denies the agreement upon which the plaintiffs rely, and denies that he has been paid any money by the decedent since the making of the sheriff's deed. He claims to have paid two thousand, two hundred and fifty-three dollars and

twenty-five cents for the sheriff's certificate, and to have discharged, at a cost of seventy-three dollars and twenty-nine cents, a tax lien on the premises at the time of the purchase; that he has paid taxes since that time, and for insurance and repairs, sums amounting to about five hundred and forty dollars; and that he is the absolute owner of the premises. He "admits" that at the time of the purchase he borrowed of his sister seven hundred and thirty-five dollars with which to make, in part, the purchase; that it was not intended that the loan so made should be repaid in money, nor that she should have any interest in the premises in question, but that he agreed to furnish her a home and take care of her while she lived; that in pursuance of that arrangement she spent a large part of two years at his home, receiving her entire support from him; that she received and retained large sums of money which belonged to him; that he is ready and willing to pay, to anyone entitled to receive it, any money which he may be owing to her estate. The district court found and adjudged that the plaintiff Byers is the owner, and entitled to the conveyance, of an undivided one third of the premises in controversy, and that the plaintiff Mrs. Stephenson is the owner, and entitled to a conveyance of the remainder, and that conveyances be made accordingly.

I.   The appellant admits that a deed absolute in terms may be shown to be a mortgage, but relies upon

1. SHERIFF'S deed construed as mortgage: money loaned for redemption: evidence.

the rule that to show that such is the case the evidence must be clear, satisfactory and conclusive, and insists that the evidence in this case is not of that character and weight. It is shown that the property in controversy was worth at least twice as much as the amount required to redeem it from the sheriff's sale. Mrs. Byers was anxious to obtain the property, and had several interviews with T. J. and W. T. Holmes in regard

to it. The defendant applied to them to redeem it for the benefit of Mrs. Byers. He was told the certificate was not for sale unless it was to benefit her. The defendant procured an assignment of the certificate only by representing that he was acting for her, and that the purchase was for her benefit. It is shown to our entire satisfaction that before he obtained the assignment he had agreed with Mrs. Byers to obtain it for her, and to procure and furnish the money which she lacked to pay for the certificate, and that the entire transaction was for her benefit, and ultimately to vest in her the title to the property; that the assignment was made to the defendant only to secure him for the money he had advanced, and that his interest in the property was to cease when he should be reimbursed for the money expended for the benefit of his sister. She never surrendered possession of the property, but retained it until her death, making agreements for leases, paying taxes and insurance, and by herself or agent collecting much of the rent. We reach the conclusion that the claim of plaintiffs, that the defendant took an assignment of the certificate and the sheriff's deed only as security for the money he advanced, is fully and satisfactorily established by the evidence.

II. It is said that the agreement, if made as claimed by the plaintiffs, can not be enforced for the 2. —: —: reason that it is verbal, for the conveyance statute of frauds: prac- of real estate, and therefore within the tice in supreme court. statute of frauds. The claim is not made in the pleadings, and appears to have been made for the first time in this court, and will therefore not be considered further. *Holt v. Brown*, 63 Iowa, 322; *Bolton v. McShane*, 79 Iowa, 27; *Crossen v. White*, 19 Iowa, 111.

III. It is said Mrs. Byers had no title to the property, and no interest therein which she could mortgage;

**3.** ___: ___:
wife's interest
in homestead
sufficient to
support agree-
ment.
therefore, that the agreement can not be enforced. As we have stated, the premises were occupied by Mrs. Byers and her husband as a homestead until he deserted her. Her interest therein was an existing right, which she was entitled to protect. *McClure v. Braniff*, 75 Iowa, 43. It was entirely competent for her to do so by arranging for the purchase of the sheriff's certificate of sale, and, as she was unable to effect the purchase in her own name, she was authorized to have it made in the name of her brother. She paid to him a part of the purchase price when the assignment of the certificate was made, retained possession of the property when the sheriff's deed was executed, and from time to time made payments to him on account of the purchase price. These facts gave her a right to the property which a court of equity will protect and enforce. See *Sweeney v. O'Hora*, 43 Iowa, 34; *Green v. Turner*, 38 Iowa, 112; *Judd v. Mosely*, 30 Iowa, 424; *Bryant v. Hendricks*, 5 Iowa, 256; *McIntire v. Skinner*, 4 G. Greene, 89; *Roberts v. McMahan, Id.*, 34; *Brooks v. Ellis*, 3 G. Greene, 527; *McCoy v. Hughes* 1 G. Greene, 370; 1 Jones on Mortgages, section 241. In *Hain v. Robinson*, 72 Iowa, 736, a case relied upon by the appellant, it appeared by the petition that the plaintiff had made a verbal agreement with Robinson under which the latter purchased at tax sales certain real estate owned by the former, and subseqently obtained therefor tax deeds, on condition that when Hain should pay to Robinson the sums of money he should pay on account of taxes, with interest, the latter should convey the real estate to Hain. A demurrer to the petition was sustained. In affirming that ruling this court held that such an agreement could not be established by parol, but it was said that a different rule would prevail if the plaintiff had furnished the money for the purchase. The case is not in conflict with the conclusion we have announced, and the same

is true of *Thorp v. Bradley*, 75 Iowa, 51, also relied upon by the appellant.

IV.  It is claimed that this action is barred by the statute of limitations.  The final payment on account of the money advanced by the defendant under the agreement in question was not made until a few months before this action was commenced, and the statute would begin to run from that time, and not from the time he obtained the assignment of the sheriff's certificate of sale.  See *Green v. Turner*, 38 Iowa, 116.  In fact, the appellant insists that final payment has not yet been made, and that the amount now due him, if the agreement relied upon by the plaintiffs be sustained, is nearly, if not quite, five hundred dollars.  Counsel have analyzed and discussed the evidence in regard to payments at considerable length to show that the defendant has paid out more money on account of the premises in controversy than he has received.  It would not be profitable to consider in detail the facts upon which the appellant relies to sustain his claim on this branch of the case. It is sufficient to say that there is much confusion in the accounts, and the defendant has offered no evidence to explain them.  It appears that when Mrs. Byers and the defendant entered into the agreement in question, she had eight hundred dollars, which were paid to and used by the defendant in purchasing the certificate.  He borrowed one thousand and four hundred dollars, to be used for the same purpose, giving therefor his two promissory notes for five hundred dollars each, and one for four hundred dollars.  Portions of the premises in question were leased by Mrs. Byers to different tenants.  It was estimated that the rents to accrue from them would pay the amount advanced by the defendant in four years.  At one time three tenants paid in the aggregate about sixty dollars per month, and Mrs. Byers also received rent from others.  Some of the money was paid

4. ——: ——: limitation of actions.

to Mrs. Byers, and some to the defendant. Portions of the property were vacant at times, but the total income from all the property from the twenty-eighth day of October, 1885, when the certificate of sale was assigned to the defendant, to the time this action was commenced, was two thousand, four hundred and forty-seven dollars and fifty cents. Taxes were paid to the amount of four hundred and eighteen dollars and seventy cents, and insurance and repairs cost an amount not definitely shown, but probably less than two hundred and twenty-five dollars. Mrs. Byers' personal expenses amounted to but little, and substantially all the revenue derived from the property was used in paying taxes, for insurance and repairs, and to pay the defendant or the notes he had given. In addition, Mrs. Byers sold him a cow for twenty-five dollars, and paid him some other small sums, which were used for the same purposes. It thus appears that the amount realized from rents and other sources was sufficient to pay the defendant the amount he had advanced on account of the property, including interest. On the fifteenth day of November, 1889, the defendant gave a promissory note for two hundred and seventy-six dollars and ninety cents for the purpose of paying the last of the three notes he had given in 1885 for the money he borrowed to use in purchasing the sheriff's certificate. That note was paid by Mrs. Byers, and a witness who was fully informed in regard to the facts says, in effect, that it was given for all for which Mrs. Byers was then liable under her agreement with the defendant, and that, when it was paid, her obligation to him was fully discharged. There is other evidence which tends to support our conclusion that the defendant has been paid all he was entitled to receive on account of the premises in controversy.

V. It is claimed that there is no proof that the plaintiffs are the only heirs of Mrs. Byers. The

5. PLEADING: is-
sues: evi-
dence.

amendment to the petition by which they were substituted as parties plaintiff for Mrs. Byers, deceased, alleges that she left, surviving her, the said Byers, her husband, and Eliza J. Stephenson as her sole and only heir at law. The answer excepts from its denial the averment of the petition in regard to the relationship of the plaintiff. It is said that to admit the relationship does not admit that Mrs. Stephenson is sole heir, as alleged; but that is the only relationship which the petition states with respect to her, and, as there was no controversy in the district court in regard to that matter, we are satisfied that the answer was intended by the defendant, and understood by the plaintiffs, to admit what the petition averred in regard to heirship, and it must be given that effect.

A careful examination of the entire case leads us to conclude that the decree of the district court is sustained by the evidence and authorized by the law. It is therefore AFFIRMED.