David Browneller v. O. O. Wells *et al.,* Appellant.

**Homesteads:** MORTGAGES. An unmarried man mortgaged a lot. He married thereafter and a house was then built on the lot which has ever since been occupied as a homestead. *Held,* the homestead right of the wife was the prior to the rights of the mortgagee.

ADVERSE POSSESSION. Continuous possession of property for more than twenty years by a married woman, whose rights depend upon those of her husband, will not, under the statute of limitations, devest the true owner of his title to the property, where it appears that the husband at various times acknowledged that he was only a tenant of the owner.

*Appeal from Mahaska District Court.*—Hon. D. Ryan, Judge.

Wednesday, October 11, 1899.

Action in equity commenced to recover the amount due on a promissory note and for taxes paid, and for the foreclosure of a mortgage. A counterclaim was filed. There was a hearing on the merits, and a decree for the plaintiff. The defendants appeal.—*Affirmed.*

*John F. & W. R. Lacey* for appellants.

*Liston McMillen* and *H. H. Sheriff* for appellee.

Robinson, C. J.—The mortgage on which this action was brought was executed in May, 1892, by O. O. Wells and M. B. Wells to the plaintiff, on a lot in the city of Oskaloosa, to secure the payment of a promissory note for the sum of one thousand five hundred dollars. The defendants are the mortgagors named and George A. Wells and Jennie Wells, his wife. In the year 1866 George A. Wells became the owner of the lot on which the mortgage was executed. In the year 1868 he executed a mortgage thereon, and in the year 1870 a second one, both of which were foreclosed by a decree rendered May

20, 1874, the mortgaged premises were sold, and a sheriff's deed therefor executed to the defendant O. O. Wells. Since that time the legal title to the premises has been vested in him, subject to several mortgages which he executed from time to time to different persons. George A. Wells and Jennie Wells were married to each other in July, 1872; a dwelling house was erected on the premises in the year 1873, and since then has at all times been the home of the family of George A. Wells. It was also his home until a few years since when he went to Nebraska, where he has since remained. The answer of George A. Wells and his wife alleges that the premises are now, and for twenty years have been, their homestead; that neither of them signed the mortgage upon which this action was commenced; and that the mortgagors had only color of title to the mortgaged premises. In an amendment to the answer, Jennie Wells alleges that at the time of her marriage to George A. Wells he was the absolute and unqualified owner of the premises in controversy; that after the marriage, in 1874, they erected on the lot a dwelling house, which she and her family have continuously occupied since that time as a homestead; that the proceedings in the case in which a decree of foreclosure was rendered in 1874, and through which O. O. Wells and the plaintiff claim, were void as to her, for the reason that she was never served with notice of the action, nor did she authorize any one to accept service or appear in the action in her behalf; that what purports to be her signature to an acknowledgment of service is not her genuine signature; and that she never knew of said alleged acceptance of service until after this action was commenced. She also alleges that the claims of the plaintiff are barred by the statute of limitations, and asks that her title to the premises be quieted, and that her homestead rights be decreed superior to all rights of the plaintiff. A reply to the answer was filed, and when the cause was reached for trial the plaintiff dismissed his petition as against George A. Wells and his wife, and

the case was tried on the issues presented by the counter-claim and the reply. The trial resulted in a judgment in favor of the plaintiff for costs. O. O. Wells and M. B. Wells did not appear, and are not parties to this appeal.

I. There is much conflict in the testimony respecting the acknowledgment of Mrs. Wells of service of notice of the action of 1874, but we do not find it necessary to determine whether service was acknowledged by her. It is clear that, as against her, the mortgages foreclosed were valid, for the reason that they were executed by George A. Wells before she became his wife. She is his second wife, and it is claimed that he had occupied the premises as a homestead, and that the homestead character and right had attached before his second marriage, but the evidence fails to sustain that claim. Mrs. Wells' right to the premises was at most only a homestead right, and was subject to the right of the owner of the mortgages to foreclose them and to subject the property to the payment of the mortgage debt. If her husband in fact owned the property, she had a right to occupy and use it, which she was entitled to protect (Boling v. Clark, 83 Iowa, 481), and the right to redeem from liens (McClure v. Braniff, 75 Iowa, 38; Byers v. Johnson, 89 Iowa, 278). She was not a necessary party to the foreclosure proceedings, but, if it be true that she was not a party, the decree and the subsequent sale and conveyance of the premises were not effectual to divest her of her interest in the property. Chase v. Abbott, 20 Iowa, 154. The plaintiff is not, however, now asking any relief against her, and we are only to consider the relief she demands. The prayer of her counterclaim is that she have judgment for costs, that her title in and to the premises in controversy be quieted, and that her homestead right be decreed to be superior to all rights of the plaintiff. Even if it be true that she was not made a party to the foreclosure proceedings of 1874, she is not entitled to any of the relief which she demands. Her rights

are not superior to those of the plaintiff, and she does not offer to redeem from his lien.

II.   The defendant insists that the claim of the plaintiff is barred by the statute of limitations, by reason of her continuous occupation of the premises for more than twenty years, but we do not think this is true. Her right grew out of and depended upon that of her husband, and it does not appear that he at any time prior to the commencement of this action made any claims adverse to the title of O. O. Wells. When the loan to the latter was made by the plaintiff, George A. Wells stated that he was a tenant, and that the property belonged to his brother, O. O. Wells. At other times and in other ways he acknowledged that he was a tenant, and not the owner of the property. There is no evidence which tends to show that Mrs. Wells made any claim to the property in her own right, as distinguished from that she acquired through her husband, prior to the bringing of this action. Her husband is not shown to be entitled to any relief. We conclude that the judgment of the district court is right and it is AFFIRMED.