ALMA GUSTAFSON v. GODFREY DURST, Appellant.

**Liens:** SALES: REDEMPTION. Where a conveyance of real property to a wife was set aside as fraudulent, but she was given a lien prior to the judgment of the plaintiff in that action, though subject to an existing mortgage, and the property was sold on execution under the judgment to the judgment creditor, and again on foreclosure of the mortgage to the mortgagee, the husband's right to redeem from the foreclosure was limited to one year, that of the judgment creditor holding the certificate under the execution sale, and the wife, to not less than six and before nine months from the foreclosure sale.

**Liens:** RIGHTS OF CREDITORS. The holder of a lien who has lost the right to redeem, both from a sale under a prior mortgage and a sale on execution under a junior judgment, cannot revive his lien as against that of the judgment creditor who has taken a deed, by a purchase of the certificate of sale under the foreclosure. The only rights acquired are those of the holder of the certificate, either to take a deed, or to receive the redemption money, should the judgment creditor, as owner, make redemption.

*Appeal from Polk District Court.—* HON. A. H. McVEY, Judge.

THURSDAY, MAY 12, 1904.

ACTION in equity to quiet title. Defendant asserted

title in himself superior to any claim of plaintiff. Decree for plaintiff establishing in her a lien on the premises superior to the title of defendant, and defendant appeals.— *Reversed.*

*Dale & Allen,* for appellant.

*Brennan & Brennan,* for appellee.

McCLAIN, J.— On February 10, 1899, one S. G. Gustafson, being then the owner of premises in the city of Des Moines which had been conveyed to him subject to a mortgage to one Hippee, made conveyance thereof to his wife, the plaintiff in this action. On February 15th of the same year the defendant, Durst, obtained a judgment in the district court of Polk county against S. G. Gustafson, and subsequently brought suit to have the conveyance from Gustafson to the present plaintiff set aside as having been made in fraud of creditors. In that suit decree was entered on October 24, 1899, setting aside the conveyance, but establishing a lien on the premises in favor of the present plaintiff for $350, which should have priority over the lien of Durst's judgment. On December 23d following the premises were sold under execution on defendant's judgment issued against S. G. and Alma Gustafson, and a certificate of sale was issued to Durst, who had bought in the premises at the sale for a portion of the amount due on his judgment. On January 16, 1900, a foreclosure decree was entered in an action brought by Hippee to foreclose his mortgage, to which action S. G. Gustafson, Alma Gustafson, and the defendant herein, Godfrey Durst, were made parties. By that decree the lien of the Hippee mortgage was established as prior to the claims of the other parties, and it was provided that special execution should issue, and that the rights of redemption of the other parties named should be cut off, save as allowed by law. On February 24, 1900, the premises were sold to Hippee under special execu-

tion, issued on his foreclosure decree, and he received the usual sheriff's certificate.

By the provisions of Code, section 4045, S. G. Gustafson was, under the facts above stated, entitled to redeem the premises from the Hippee foreclosure sale at any time within one year. Godfrey Durst was entitled, as the holder of a certificate under his sale, to redeem at any time after six months and before the expiration of nine months from the date of the Hippee sale. Alma Gustafson was also entitled to redeem as lienholder during the same period. This being the situation, Durst took a deed on December 27, 1900, in pursuance of the sale under his judgment, no redemption having been made from him by S. G. Gustafson, the execution debtor, nor by Alma Gustafson or Hippee, whose rights were superior to those of Durst. On February 11, 1901 — that is, after the expiration of nine months and before the expiration of twelve months from the date of the Hippee foreclosure sale — Durst paid into the clerk's office the requisite amount to make redemption from the Hippee sale. He had acquired the right to make such redemption as owner after the expiration of nine months by reason of his sheriff's deed, which had conveyed to him the interest of S. G. Gustafson in the premises and Gustafson's right as owner to redeem from the Hippee foreclosure sale. That Durst, as owner by virtue of his sheriff's deed, had the right to make the same redemption which S. G. Gustafson might have made cannot be questioned. *Stanbrough v. Cook,* 83 Iowa, 705; *Ramsdell v. Tama Water Power Co.,* 84 Iowa, 484.

*1. LIENS: sales; redemption.*

As Alma Gustafson, the plaintiff in the present case, had not redeemed from the Hippee foreclosure sale before the expiration of nine months, which is the period limited for redemption by junior lienholders, she had lost all right in the premises as against Durst redeeming as owner, unless some right had been preserved to her by the fact following, to wit, that on February 11, 1901, she had

*2. LIENS: rights of creditors.*

purchased from Hippee his sheriff's certificate, which had been duly assigned to her on that date. But no notation of such assignment was made upon the sheriff's sale book in connection with the record of the Hippee sale until after Durst had paid the amount necessary to make redemption from the sale. Now, it seems to us that Mrs. Gustafson, taking an assignment of the Hippee certificate after the expiration of the period during which she was entitled to make redemption from the Hippee sale, acquired only the right which Hippee had under his certificate, that is, the right to a sheriff's deed, unless Durst should make redemption within the period allowed for redemption by owner; and, if he did make such redemption, to receive the amount paid by him for that purpose. She had lost her own right to redeem from the Hippee sale, and her mortgage lien was extinguished. She could not, by taking an assignment of Hippee's certificate, reinstate her lien as against Durst, whose right of redemption as owner still subsisted should he see fit to exercise such right. It is true that Mrs. Gustafson's mortgage lien was originally superior to the lien of Durst under his judgment, and within the statutory period after the Durst sale she could have redeemed from him by paying off his lien, but this she had failed to do. Durst, by taking his sheriff's deed, had cut off Mrs. Gustafson's right to redeem from him, although he did not thereby cut off her superior lien; and her right to redeem from the Hippee sale had been cut off by expiration of the period within which she could exercise this right. Her act in taking an assignment of the Hippee certificate did not constitute a redemption. *Jack v. Cold,* 114 Iowa, 349. We cannot see, therefore, that Mrs. Gustafson had any further right than that accruing to her from the purchase of the Hippee certificate, and, as already indicated, that right was to receive the amount which Durst had paid in redemption from the Hippee sale. Our conclusion receives some support from the cases of *Wells v. Ordway,* 108 Iowa, 86; *Stephens v. Mitchel,* 103 Iowa, 65; *Robertson v. Moline M.*

*& S. Co.*, 88 Iowa, 463; *Moody v. Funk*, 82 Iowa, 1; *Bevans v. Dewey*, 82 Iowa, 85.    The facts of this case are peculiar, and it would serve no useful purpose to rediscuss the various questions which have been decided in prior cases with reference to redemption by lienholders from execution sales.    The decree of the lower court, which established plaintiff's lien as superior to the rights acquired by defendant, was therefore erroneous, and defendant will be entitled to a decree in this court in accordance with the foregoing opinion, if he so elects; otherwise the case will be remanded to the lower court for such decree.— REVERSED.